J. W. MOREY, Appellant, v. STANDARD SEPARATOR COMPANY, Appellee.

PROCESS:   Service on Agent—Nonresident  Corporation—Original Notice. Jurisdiction of a foreign corporation not having its principal place of business in this state, but maintaining an office or agency within this state, is acquired by service of the original notice on the agent in charge of such latter agency, ''in all actions *growing out of* or *connected with* the business of such office or agency.'' (Secs. 3500, 3532, Code, 1897.)

PRINCIPLE APPLIED:   Plaintiff contracted to sell cream separators for defendant, a foreign corporation, with its principal place of business in Wisconsin.  Defendant advised plaintiff that it would maintain a storage depot in Des Moines, Iowa, through which plaintiff's orders and those of other agents could be promptly filled. Defendant did arrange with a general warehouseman in Des Moines for the storage, sale and display of its separators, and made large shipments, for all of said purposes, to the warehouseman, who, in addition to displaying and storing the machines, sold some himself and reshipped the balance to fill the orders of various agents, including plaintiff, all under authority and direction of defendant.  Plaintiff sued defendant at Des Moines, Iowa, for his commissions due under his contract and sales, and caused the original notice to be served on said warehouseman.  *Held*, the warehouseman was the ''agent'' of defendant within the meaning of Sec. 3532, Code, 1897, and that the cause of action so ''grew out of'' and was so ''connected with'' the Des Moines agency that jurisdiction was acquired of defendant by service on the warehouseman.

PROCESS:   Service  on  Agent—Nonresident  Corporation—Liberal Construction of Statute.  The statute authorizing service of original notices on a nonresident corporation by serving an Iowa agent of the corporation, ''in all actions growing out of or

connected with the business'' of such Iowa agency, should be liberally construed.

*Appeal from Polk District Court.*—C. A. DUDLEY, Judge.

THURSDAY, MARCH 9, 1916.

ACTION at law to recover compensation for services alleged to have been rendered by plaintiff in the employment of defendant. Dismissed on defendant's motion, because of insufficiency of the service of the original notice. The plaintiff appeals.—*Reversed.*

*J. A. Dyer,* for appellant.

*Patton, Nesbitt & Ralls,* for appellee.

WEAVER, J.—The plaintiff alleges that, in September or October, 1911, he entered into an agreement with the defendant, a corporation organized in New Jersey and having its principal place of business in Wisconsin, to enter the employment of defendant for the sale of cream separators in Iowa and South Dakota, and, for such service, was to receive a specified commission upon his sales. He further alleges that, under such employment or agency, he proceeded to sell said separators, until the commission so earned by him aggregated $588, which amount is due and unpaid and still owed to him by the defendant, and he asks judgment accordingly. Original notice of the action was given by service thereof upon J. A. Hosmer, who is alleged to be the agent of the defendant at Des Moines in this state. The defendant entered a special appearance for the purpose of objecting to the jurisdiction of the court to proceed with the case, alleging that it had never been served with notice and denying that the service upon Hosmer gave the court any jurisdiction to entertain the action against such corporation. The issue of law thus raised was submitted to the court upon an agreed statement of facts reading as follows:

1. PROCESS: service on agent: non-resident corporation: original notice.

"AGREED STATEMENT OF FACTS.

"This agreed statement of facts is to be used in connection with the special appearance entered by defendant's attorneys in connection with the service of original notice upon J. A. Hosmer on September 8, 1913. It is agreed by and between the parties hereto:

"1. That J. A. Hosmer was served with an original notice Sept. 8, 1913, as the agent of the defendant company.

"2. That the said J. A. Hosmer is proprietor of the Hawkeye Transfer Company, and was at the time of this service, and was proprietor of the Hawkeye Buggy and Implement Company.

"3. That the Hawkeye Transfer Company is the trade name under which J. A. Hosmer does business with offices in Des Moines, Iowa, and his business is to receive, store and ship goods, merchandise, etc., for all persons requiring their services, and particularly engaged in the handling of agricultural implements and implements, machinery and devices in connection therewith.

"4. That the Standard Separator Company, defendant herein, engaged and had space for exhibition and storage purposes with the Hawkeye Transfer Company for the period of one year from December 1, 1912, to December, 1913.

"5. That during this said year that there was shipped to the Hawkeye Transfer Company by the defendant in this case divers and sundry articles at divers and sundry times, and that the number of shipments made at different dates was 21.

"6. That the shipments of greater value were as follows.:
Nov. 13, 1912, goods of the value of........$  625.00
Jan. 21, 1913, goods of the value of........ 1,250.00
Mar. 13, 1913, goods of the value of........  172.50
May 23, 1913, goods of the value of........ 1,325.00
July 12, 1913, goods of the value of........  237.50

July 14, 1913, goods of the value of........ 1,000.00
July 14, 1913, goods of the value of........ 1,000.00
July 13, 1913, goods of the value of........   282.50
Aug. 25, 1913, goods of the value of........ 1,250.00
Aug. 29, 1913, goods of the value of........ 1,250.00
Aug. 11, 1913, goods of the value of........   633.35
Sept. 18, 1913, goods of the value of........   625.00

"7.   That these said goods as described in the foregoing paragraph were shipped to the Hawkeye Transfer Company for the purpose of being reshipped on the order of defendant to fill orders received by it through plaintiff or from others of its agents and for the purpose of exhibition to meet the requirements of the trade.

"8.   That all of the said goods were shipped by defendant to the Hawkeye Transfer Company, were sold and disposed of or shipped in 73 different shipments or orders going to various parts and to various purchasers in this state, the last shipment being a shipment back to the Standard Separator Company at Milwaukee, Wisconsin, on January 10, 1914.

"9.   That the Hawkeye Transfer Company had authority to sell and did sell some of these goods of the defendant at retail in Des Moines, Iowa, and remitted therefor.

"10.   That some of the goods shipped by the Hawkeye Transfer Company were sold for the defendant by the plaintiff and shipped on its order by the Hawkeye Transfer Company.

"11.   That the plaintiff understood and was advised by the officers of the defendant company orally and in writing that the defendant would maintain in Des Moines, Iowa, at the place of business of the Hawkeye Transfer Company, a place to which goods would be shipped from Milwaukee, so that the plaintiff and other agents would have a near-by depot for the purpose of rapid and ready distribution of the goods sold.

"12. That some of the goods shipped by the defendant to the Hawkeye Transfer Company were goods which plaintiff and other agents sold in the territory of Iowa.

"13. That Exhibit A hereto attached is a true and correct copy of the contract of employment in force between plaintiff and defendant at the time of the sales mentioned in Paragraph 12 hereof and thereafter until plaintiff left defendant's employ.

"14. That goods of the defendant were placed on exhibition at the Coliseum at the Implement Dealers' Convention held in Des Moines December 3, 4 and 5, 1912, and that the goods so placed on exhibition were by defendant shipped to the Hawkeye Transfer Company, by whom it was placed in the Coliseum."

Upon the record thus made, the trial court sustained the defendant's objection to the sufficiency of the notice and dismissed the action. It is from this ruling that appeal has been taken by plaintiff.

That the courts of this state have jurisdiction to entertain actions at law against foreign corporations, companies and individuals where proper service is had, is, of course, not disputed. Code Section 3532 provides a method of obtaining jurisdiction of such defendants, as follows:

"When a corporation, company or individual has, for the transaction of any business, an office or agency in any county other than that in which the principal resides, service may be made on any agent or clerk employed in such office or agency, in all actions growing out of or connected with the business of that office or agency."

Appellant argues that, under the terms of this statute and the facts conceded in the agreed statement, the service on Hosmer constitutes good service on the defendant, and this question, upon which the trial court held with the appellee, is the only one calling for our decision.

This inquiry involves the determination, first, whether Hosmer was an agent of the defendant; and second, whether

the plaintiff's action is one "growing out of or connected with" the business of such agency, as contemplated by the statute. That the agreed facts do disclose the relation of principal and agent between defendant and Hosmer is quite certain. As defined by Webster, an agent is one who acts for or in behalf of another by authority. He is one who has been entrusted with the business of another, and ordinarily the term designates those employments where the persons exercising them are not under the immediate personal supervision and control of a supervisor. See Words & Phrases, Vol. 1, p. 261. Hosmer's relation to defendant was not that of a mere warehouseman or bailee. His place of business was made the distributing point or agency, where he received and from which he was expected and authorized to send out or deliver the goods necessary to fill the orders taken by plaintiff and other salesmen in that field. He also had authority to sell, and did sell, goods placed in his custody. Representing the defendant, he entered and displayed specimens of their goods at the Dealers' Convention held in Des Moines. These and other facts embodied in the agreed statement show very satisfactorily that Hosmer was defendant's agent, within the meaning of that word as used in the statute.

Does it appear that this action grew out of or is in any manner connected with the business of that office or agency? This, too, must be answered in the affirmative. It is admitted that defendant employed plaintiff with the agreement or understanding that it would, from time to time, ship from Milwaukee to Hosmer at Des Moines goods of the kind which plaintiff undertook to sell, "so that plaintiff and other agents would have a near-by depot or base of supply for the rapid and ready distribution of the goods sold;" that defendants did, in fact, send goods to Hosmer for that purpose, and that orders taken by plaintiff were filled in this manner through the agency of Hosmer. The language of the statute is quite broad and general, and permits the service of notice to be made, not only where the action grows out of the business of

the agency, but also where it is "connected with" such business. The admitted business relation or connection of this agency with the business out of which this relation has arisen brings the case within the scope of the statute, and the service of notice on Hosmer was sufficient. See *Murphy v. Albany Pecan Co.,* 169 Iowa 542; *Locke v. Chicago Chronicle Co.,* 107 Iowa 390; *Pleak v. Marks,* 171 Iowa 551.

It is true that, under a recent statute, a party sued in this state may enter a special appearance to deny the jurisdiction of the court because of want of proper service of notice upon him; that is, he may come into court to solemnly assure the court that he is not in court.

2. PROCESS: service on agent: non-resident corporation: liberal construction of statute.

For many years prior to this enactment, the rule in this state was otherwise, and an appearance by a defendant for any purpose was sufficient to give the court jurisdiction over him. The change made is a reversion to a discarded technical practice, the wisdom of which is open to question, but it is the duty of the courts to give it effect in all proper cases. The change does not, however, work a repeal or modification of the statute governing the service of original notice. The Code section hereinbefore quoted, allowing service to be made on "any agent or clerk" of a foreign defendant in any county of the state, when the action arises out of or is connected with the operation of such office or agency, is a legislative recognition of the manifest propriety of holding such defendant to answer in the locality where he assumes to do business. In a very large proportion of cases, to compel a citizen or resident of the state who transacts business in the state with a foreign corporation or other defendant, to go into the courts of a foreign jurisdiction to enforce collection of a debt or to find legal redress of a wrong, is a practical denial of justice; and a statute intended to avoid such injustice should be liberally construed to promote the purpose of its enactment. In our judgment, the trial court should have overruled the defendant's objection to jurisdiction. The ruling and judgment

appealed from is therefore reversed, and the cause remanded to the district court for further proceedings not inconsistent with the views expressed in this opinion.—*Reversed* and *Remanded.*

EVANS, C. J., DEEMER and PRESTON, JJ., concur.