JACOB K. HAWBAKER, Appellee, v. LACO GAS BURNER COMPANY et al., Appellants.

No. 40106.

June 23, 1930.

*J. J. Hess* and *G. C. Dalton,* for appellants.

*White & Clarke,* for appellee.

Evans, J.—Defendant Laco Gas Burner Company is said to be an unincorporated company, and the defendant L. A. Cocklin is the owner and manager thereof. On August 20, 1927, the parties hereto entered into the following written contract:

"Salesman Agreement.

"This agreement made and entered into at Griswold, Iowa, this the 20th day of August, 1927, by and between Jacob K. Hawbaker of Dallas Center, Iowa, an unincorporated company, will be known herein and after as the parties of the first part, and Laco Gas Burner Company doing business as ......................., an unincorporated individual or company of Griswold, Iowa, will be known herein and after as parties of the second part. Witnesseth:

"(1) It has been mutually agreed by both parties concerned that the following territory of Dallas, Guthrie, Greene, Boone and Story, in the state of Iowa, is to be held as exclusive territory for the sale of Laco Oil Gas Burners by the second party on a commission basis of 33 1/3 per cent and 25 per cent of the manufacturer's list price, except in special cases, by which the first party reserves the right to sell therein without the consent or being obligated to the second party.

"(2) It has been agreed that the second party, Jacob K. Hawbaker, is to start to work on August 22, 1927, and this

territory will be held exclusive and the second party is to receive commission of 33 1/3 per cent and 25 per cent of the manufacturer's list price on all mail orders that come from the territory (except in special cases, by which the first party reserves the right to sell therein, without the consent or being obligated to the second party), providing the party of the second part devotes his entire and exclusive time to furthering the sales of Laco Gas Burner. Providing that he sells not less than any model Laco Gas Burners on or before January 1st, 1928. This contract remains in full force and effect, and binding on both parties, providing that the party of the second part sells for the party of the first part not less than .. .......... Laco Oil Gas Burners on or before ..........................., 192.....

"(3) It has been further mutually agreed that this agreement automatically terminates itself without cancellation by either party, when the second party fails to devote his entire and exclusive time to further the sales of Laco Oil Gas Burner.

"Laco Gas Burner Company,
"L. A. Cocklin,
"Parties of the first part.
"Jacob K. Hawbaker,
"Party of the second part."

The plaintiff sues to recover from the defendants his commissions alleged to have been earned, pursuant to this contract, upon certain sales made in the exclusive territory awarded to the plaintiff under such contract. Some of the sales for which commission is claimed, were made by the defendants themselves, and some of them were made through Whitcomb, a purported dealer at Adel, in Dallas County. The oral evidence purports to explain the two commissions recited in the written contract as being a *dealer's* commission of 33 1/3 per cent and a *general agent's* commission of 25 per cent. The plaintiff sued for both commissions upon each sale, amounting to a total of $1,500. The defense interposed may be briefly stated as follows: (1) A general denial; (2) a failure to conform to the contract; (3) a mutual abandonment of the contract in September, 1927; (4) that the sales made by the defendants themselves were so made within the permission of the contract, which provided for such sales in "special cases;" (5) that none of the sales claimed for, save one, were made through the instrumentality of the plaintiff;

(6) a counterclaim for $450 unpaid purchase price for three burners sold to the plaintiff himself, which burners the plaintiff had failed and neglected to receive, and the same were held by the defendants subject to his order.

The plaintiff pleaded, in reply to the counterclaim, that the order signed by him for three burners was obtained by one Morton by false representation; that the order was delivered conditionally only to said Morton, and that the condition was never performed; and, in substance, that the contract of August 20th was subsequently entered into, and in legal effect supplanted the former contract now sued on in the counterclaim.

The trial court awarded the plaintiff a commission of 25 per cent on six specific sales, for a sum total of $383.75.

I. It will be noted from the contract that it did award the plaintiff certain exclusive territory, including Dallas County. All the sales claimed for by plaintiff were made in Dallas County. That the sales were made by or through someone, subsequent to the execution of the contract, is not disputed. A burden falls, therefore, at this point upon the defendants to explain such sales consistently with the terms of the contract. The defendants introduced evidence tending to show the abandonment of the contract in September. The mutual conduct of these parties seems quite inexplicable, and the trial court found it so. The plaintiff, in September, 1927, did write to the defendants, authorizing them to cancel the contract. The defendants replied that the plaintiff had never conformed to the contract, and that there was nothing to cancel. Notwithstanding this warlike correspondence, they continued their mutual transactions precisely as they were doing before. The subsequent correspondence between them discloses their mutual attitude as continuing their contractual relation. The plaintiff claimed to be devoting his time to the service of the defendants. He did sell one outfit, and claimed to have been instrumental in aiding the sale of others. Two or three of the sales were made directly by Whitcomb, who purported to be a dealer of the defendants' at Adel. Two or three of the sales were made directly by the defendants themselves to parties in Dallas County. The trial court found, under the evidence, that the contract was mutually deemed in force between the parties at the time all

such sales were made. The contention of the defendants as to the sales made directly by them is that such sales were made under the permission of the contract, which reserved to the defendants the right to sell "in special cases." The contract failed to define the "special case" in which the defendants could make their own sale. The reservation, such as it was, did not purport to be general, but qualified only. We think this failure in the provisions of the contract left the defendants without any reservation at all. To hold otherwise would be to say that the reservation was *general*, and not *special*, and that it necessarily applied to all sales which might be made by the defendants in their own behalf. Clearly, such was not the intent of the contract. The contention of defendants at this point is that the sales made by them were so made pursuant to an exhibition of their goods at the State Fair; that such a sale constituted a "special case," and was, therefore, permissible. Such a sale could constitute a "special case," as between the parties, only if the contract itself made it so. The contract contained no such specification. On the face of the contract, therefore, the plaintiff was entitled to commissions upon the sales made in his exclusive territory while his contract was in effect. Such was the finding of the trial court. The record before us is very unsatisfactory and confusing. The case appears to have been tried in a haphazard way, and without much apparent concern as to the state of the record for the purpose of appeal. The controversy between the parties centers upon questions of fact. As we interpret the record, we think the trial court properly awarded judgment to the plaintiff.

II. We turn to the counterclaim. The defendants conceded an original indebtedness for commissions to the amount of $50, but pleaded an application thereof upon their counterclaim. The issue on the counterclaim involved purely a question of fact. If the defendants at any time had a just counterclaim against the plaintiff, they had the same on August 20, 1927, when the contract in suit was entered into. There was no assertion of such counterclaim at the time of such contract. The trial court found that the contract of August 20th had the effect of supplanting the previous contract, within the understanding of the parties. We think this holding is fairly sustained by the record, such as it is.

III. The case involves a question of venue. Before answering, the defendants filed a motion for a change of venue from Dallas County to Cass County, which latter was the residence of the defendants. This motion was overruled, and the ruling is now complained of on this appeal. No ground for such change of venue was stated in the motion itself, except by reference to the supporting affidavit. Such affidavit was as follows:

"I, L. A. Cocklin, being duly sworn, say that I am one of the defendants in the above-entitled action, and I am owner and manager of the defendant, Laco Gas Burner Company; that the above-entitled action is brought on account of an alleged breach of a contract, which said contract was made and entered into at Griswold, Cass County, Iowa. That at the commencement of this action defendants were residents of Griswold, Cass County, Iowa, and they are still residents of said county. That defendants' place of business is 90 miles distance from Adel, Dallas County, Iowa, the place where this action was filed; that the actual expenses in attending court will be in the sum of ............... dollars, not including attorneys' fees and expenses for drafting the application for a change of place of trial in this cause and attending to procuring said change for defendants; that attending this case I will necessarily be absent from home at least one day from my business, for which I ask a reasonable allowance. Defendant asks that the place of trial of said cause be changed to Cass County, Iowa, at the costs of the plaintiff, and that a reasonable sum be awarded for trouble and expenses in attending this court."

It will be noted from the foregoing that the sole ground laid in the motion for a change of venue was that the defendants were residents of Cass County. The mere fact of such residence did not necessarily entitle the defendants to a change. The appellants' contention at this point entirely ignores Section 11046, Code, 1927, which provides as follows:

"11046. *Office or agency.* When a corporation, company, or individual has an office or agency in any county for the transaction of business, any actions growing out of or connected with

the business of that office or agency may be brought in the county where such office or agency is located.''

The contract sued on by the plaintiff purported, on its face, to be a contract of agency. It specified an exclusive territory for such agency. Such territory comprised Dallas County. The suit is brought for commissions upon sales made pursuant to such agency, and in Dallas County. That the plaintiff could properly bring his action in Dallas County upon said contract for alleged commissions earned thereunder in Dallas County, is quite settled by our previous cases. *Ockerson v. Burnham & Co.*, 63 Iowa 570; *Morey v. Standard Separator Co.*, 174 Iowa 530; *Kabrick v. Case Thresh. Mach. Co.*, 180 Iowa 598; *Babb v. Herring Motor Co.*, 193 Iowa 794; *Locke v. Chicago Chronicle Co.*, 107 Iowa 390.

The motion for a change of venue did not negative the conditions recited in Section 11046. Whether the motion was fatally defective because of this omission, we need not determine. If the burden was on the plaintiff at this point to show the conditions enumerated in Section 11046, such burden was fully met by the plaintiff, and was uncontroverted by the defendants. True, the individual defendant testified that he had no agency in Dallas County, but that was the statement of a mere conclusion on his part as to the legal effect of his contract. He did not deny the execution of the contract; nor did he deny that the plaintiff had operated thereunder in Dallas County. The motion for a change was, therefore, properly denied.

Upon the record before us, we find no prejudicial error. The amount of the award was an approximation, and we are satisfied that it worked substantial justice between the parties.

The judgment is, accordingly,—*Affirmed.*

MORLING, C. J., and DE GRAFF, ALBERT, KINDIG, and WAGNER, JJ., concur.