## MILLIGAN ET AL. V. DAVIS.

1. **Principal and Agent**: SALE: VENUE. A party, by accepting the benefits of a proposition for a sale made by and through another, constitutes the latter his agent, and the place where the sale is effected is the agency, in such sense that an action may there be maintained against the principal for a breach of warranty in the sale.

*Appeal from Crawford Circuit Court.*

SATURDAY, JUNE 15.

THIS action was brought against appellant, and Weidling & Evers, to recover damages for an alleged breach of warranty in the sale of a "Dexter threshing machine." A demurrer of Weidling & Evers, on the ground of a misjoinder of parties, having been sustained, and the plaintiffs having elected to stand on the petition and amendments thereto, the appellant filed and pressed to hearing a motion to change the place of trial, on the ground that he was a resident of Scott county. This motion was overruled, and the defendant, Davis, alone appeals.

*Brown & Campbell*, for appellant.

*Donald & Hanegan*, and *Wright & Nicholson*, for appellees.

SEEVERS, J.—The appellant was served with notice of the pendency of this action in Scott county, and it is conceded

1. PRINCIPAL
and agent:
sale: venue.

he resides there, and that the action should have been brought in that county, unless section 2585

of the Code authorizes it to be brought in the county of Crawford. Said section is as follows: "When a corporation, company or individual has an office or agency in any county for the transaction of business, any suits growing out of or connected with the business of that office or agency may be brought in the county where such office or agency is located." The question for determination is whether the appellant had such an office or agency in Crawford county.

It is conceded, as we understand, by appellant that Weidling & Evers were, in a qualified sense, his agents, and that they resided in and had an office in Crawford county. He states his manner of doing business to be as follows: "I have no agents, in the strict legal sense of the term, as I understand it. The following are the *facts* in reference to my mode of doing business: No person or dealer has any agency from me for any special or particular county, town, or other defined territory; any dealer in implements who gets a customer for one of my machines, and advises me of the fact, and of the terms of purchase proposed, and the condition of the parties desirous of buying, may do so, and if the terms are satisfactory to me, and the financial condition of the proposed purchaser is made known to me fully, and is satisfactory, I sell and ship and deliver the machine as directed. Persons not dealers are my agents in the same way—if it can be called an agency. Any one not a dealer may, and often does, write to me for a machine for the person himself or for others. Whenever the defendants Weidling & Evers had a customer for me for one of my machines, they sent to me for it, with a statement of the proposed purchaser's condition, etc., and, if satisfactory, I sold. I never employed them in advance, or constituted them my agents. The first thing done was this: The defendants Weidling & Evers, or one of them, in 1873 wrote to me that they had a customer for a Dexter. The offer was a good one and I sold, and I shipped the machine, and from that time to the present the business has

been transacted by me and them in the same way. Each transaction was separate and distinct."

One Haldane made an arrangement for the sale of the machine to the plaintiffs. This transaction occurred in Crawford county.

Haldane ordered of Weidling & Evers a machine for the plaintiffs, and when it arrived he superintended its delivery, and received the notes exacted in payment therefor, which he delivered to Weidling & Evers, and they to appellant.

In an answer to the petition, under oath, filed by Weidling & Evers, they alleged they had sold the machine as agents for the appellant. Within three years preceding this transaction they had sold several of these machines, and claimed to be agents therefor.

They were engaged in selling agricultural implements, and a short time before the hearing of the motion below they had standing at their place of business a "Dexter threshing machine." There are a number of such machines in Crawford county which were sold by Weidling & Evers, at their place of business in West Side, in said county.

Such, in substance, are the facts as claimed to exist by both parties. It will be readily seen that some of the claimed facts are legal conclusions, or partake largely of that nature. There is nothing contradictory to the affidavit of the appellant as to his mode of doing business. It must, therefore, be presumed to be true.

The appellant cannot be bound by the claim made by Weidling & Evers that they were his agents. There is no showing that he had knowledge they so claimed. The fact that they sold machines, and had one standing in front of their place of business, is entirely consistent with the facts stated by appellant as to his mode of doing business.

The understanding in the community should not conclude the defendant on this subject.

The merits of this controversy must be determined under the facts stated in the affidavit of appellant—construing.

Milligan v. Davis.

that it seems Weidling & Evers were to find a customer, agree upon the terms of a sale, or receive his proposition to purchase and report to appellant, whereupon he, at Scott county, either accepted or rejected the proposition. If he rejected it the chances are no future controversy could arise as to his right to do so. But if he accepted, the machine was shipped as directed by Weidling & Evers, and they received the amount agreed to be paid, either in cash or satisfactory obligations, and forwarded the same to appellant, or as he might direct. This, it seems to us, is the fair construction that must be given to the affidavit of appellant.

If this be correct it follows that Weidling & Evers were the agents of the appellant. It may be conceded they were special agents, or agents in a qualified sense, for the Code recognizes no distinctions betwen agents or agencies; all in a statutory sense are of the same grade.

If Weidling & Evers were agents of the appellant, then he had an agency at the place where they did business. If there be an agent it necessarily follows there must be an agency, and as there is but a single statutory standard such agency must come within the statutory definition.

By accepting the benefits of the sale made by or through Weidling & Evers, or, if neither of these propositions be true, then by accepting the benefits of the proposition made through and forwarded by them, the appellant ratified the transaction, and should be charged with its burdens. *Eadie, Guilford & Co. v. Ashbaugh,* 44 Iowa, 519.

The agent and agency existed for the transaction of business where the agent was located for the time being, and this suit arose "out of" the business of that "agency," and was, therefore, properly brought in Crawford county.

AFFIRMED.