## OCKERSON v. BURNHAM & Co.

1. **Venue:** ACTION BY AGENT AGAINST PRINCIPAL: COUNTY WHERE
AGENCY IS LOCATED.   Plaintiff and defendants, residents of different
counties, entered into a contract, whereby plaintiff became the agent of
defendants for the transaction of certain business in plaintiff's county.
Plaintiff brought this action in his own county to recover for the viola-
tion of the contract—the discharge of plaintiff without cause:—*Held* that,
under section 2585 of the Code, the action was properly brought in the
county where the agency was located, and that a motion by defendants
to remove it to the county of their residence was properly overruled.
The statute applies to actions *between* principal and agent, and it makes
no difference that the relation has ceased when the action is brought.

*Appeal from Montgomery Circuit Court.*

WEDNESDAY, JUNE 4.

ACTION at law to recover for the violation of a written
contract.   The defendants moved the circuit court to change
the venue of the action, on the ground that it was not com-

menced in the county of defendants' residence, and the con-. tract, by its terms, is not to be performed in Montgomery county. The motion was overruled, and, upon trial to the court without a jury, judgment was rendered for plaintiff. Defendants appeal.

*Junkin & Deemer*, for appellant.

*Z. T. Fisher*, for appellee.

BECK, J.—I. The only objection to the judgment appealed from urged upon our attention is based upon the ground that the circuit court erred in overruling the motion to change the venue of the case.

The written contract sued on is in the form of an agreement between defendants and plaintiff, wherein the former agreed to furnish the latter one thousand bushels of flax seed for sowing, which the plaintiff undertook to loan to farmers, and to take from them notes and contracts for the price of the seed and the delivery of the crop raised therefrom to defendants, or their agent at Red Oak. The plaintiff agreed to guarantee the notes, and to perform other acts which need not be specified here. The agreement provides that plaintiff shall recover as compensation a commission of eight cents per bushel, to be paid at a time named; but the place of payment is not named. The breach of the contract complained of is, that defendants discharged plaintiff from their employment without sufficient cause.

II. Plaintiff insists that the contract created an agency, the plaintiff becoming thereby the agent of defendants at Red Oak for the transaction of the business contemplated by the parties. This position is not denied by defendants. It is, indeed, admitted in argument by defendants' counsel that plaintiff did become the agent of defendants under the contract. It clearly appears that the business of the agency was transacted at Red Oak, plaintiff's place of residence.

III. Code, section 2585, is in the following language:

. "When a corporation, company or individual has an office or agency in any county for the transaction of business, any suits growing out of or connected with the business of that office or agency may be brought in the county where such office or agency is located."

Did this action grow out of the business or agency in question? In our opinion it did. Plaintiff seeks compensation for services performed or to be performed as agent of defendants. The compensation is "connected with" and grows out of the agency. The suit involves business of the agency. It is true that the action involves business between the principal and agent—a claim for compensation by the agent. The language of the statute does not exclude suits brought by the agent against the principal. Indeed, it seems to contemplate such suits, for it provides that "any suit growing out of or connected with the business of that  *  *  *  agency may be brought in the county where such  *  *  *  agency is located." It cannot be doubted that this action grows out of or is connected with the business of the agency established by the agreement between the parties.

IV. Counsel for defendants urge that the relation of principal and agent had been terminated by the discharge of plaintiff from the employment of defendant when the suit was brought. Let this be admitted. Yet the fact does not affect the result. The statute quoted does not limit the right to commence the suit in the county where the agency is located to the time during which the agency exists. The character of the business, and not the continuance of the agency, determines the right.

In our opinion the court below rightly overruled the motion to change the venue of the case.

AFFIRMED.