GEORGE E. WICKENS v. N. L. GOLDSTONE, Appellant.

Practice: VENUE. A resident of Polk county employed a resident of Webster county, having a real estate office in Webster county, to trade goods for land, without reference to the location of the land. *Held*, this does not establish that the principal had an "agency," under Code 2585, in Webster county, so that the agent might sue for his commissions in that county.

*Appeal from Webster District Court.*—HON. D. R. HINDMAN, Judge.

SATURDAY, APRIL 11, 1896.

ACTION to recover compensation for services in procuring a purchaser of a stock of goods. Judgment for plaintiff, and the defendant appealed.—*Reversed*.

*J. M. St. John* for appellant.

*Frank Farrell* for appellee.

GRANGER, J.—The plaintiff resides in Webster county, and the defendant in Polk county, Iowa; and, the action being brought in Webster county, the defendant filed a motion, supported by affidavit, to change the place of trial to Polk county, as that of his residence. The application was resisted, and the facts can be no more concisely presented than by presenting the respective affidavits, as follows:

"N. L. Goldstone on oath states: That he now resides in Polk county, Iowa, and has so resided for more than twenty-five years. That he has not now, and never has had, an office or agency in Webster county, Iowa. That he states the facts pertaining to the transactions mentioned in plaintiff's petition to be as follows, to-wit: That he met the plaintiff, and the

plaintiff stated to him that he was authorized by the owner of a certain piece of land in Pocahontas county, Iowa, to find a purchaser therefor, or to find some one who would trade for said farm; and this defendant said to him that he had a stock of dry goods which he would exchange for the farm, if the terms and conditions could be agreed upon; and thereafter this defendant did in fact trade said stock of dry goods for said farm; and it is for services alleged to have been performed in connection with said trade that he now seeks to recover in this suit. That he agreed to pay plaintiff a certain sum for his services in procuring the owner of said farm to exchange the farm for said stock of goods, which was the only transaction between the plaintiff and defendant, and the only one contemplated by them or either of them. That said transaction was without reference to the probable residence of said plaintiff in Webster county, Iowa, and the said farm was situated in Pocahontas county, Iowa. And he further says that the foregoing is true as he verily believes. N. L. Goldstone."

"I, George E. Wickens, being duly sworn, say that I am the plaintiff named in the above-entitled cause; that, during the month of January, 1894, the defendant was at my office in Ft. Dodge, Iowa, and employed me to negotiate for him a sale or trade of his stock of merchandise; that he stated to me that he had a stock in Des Moines, Iowa, which he wished to sell, or trade for land, and that he also had a number of town lots in Tara, Iowa, which he wished to sell or trade. He gave me a list of his town lots, with prices, and also gave me a general inventory of his stock of merchandise, with prices of same, and said he would like to have me work up a trade for him. I said to him that I would undertake to do so, for a stated commission, which he then said he would pay if I found him a purchaser for the stock, in trade for land. He knew,

at the time, that I was engaged in the business of buying and selling property on commission, and that my place of business and office was at Ft. Dodge, in Webster county, Iowa. In pursuance of the arrangement then and there made, I set about finding a purchaser for his stock of merchandise, in trade for land, and found a purchaser, who took the goods for land in Pocahontas county, Iowa."

The district court denied the application for a change, and the ruling is the only action of the court brought in question in this case. The authority relied on by plaintiff for bringing the suit in Webster county, is the following provision of the Code, section 2585: "When a corporation, company, or individual has an office or agency in any county for the transaction of business, any suit growing out of or connected with the business of that office or agency, may be brought in the county where such office or agency is located." The query is, did the defendant have an office or agency in Webster county, for the transaction of his business, within the meaning of the section? That he had no office there, is not questioned. Had he an agency? Agency may be defined as the relation between a principal and his agent; also, the place of business of an agent. The former exists independent of locality, and refers to place. The latter is expressive of locality, and refers to place. The statute under consideration has no reference to an agency not located, because it seeks to locate the venue of the suit by the location of the agency. In *Milligan v. Davis*, 49 Iowa, 126, the dispute was as to the fact of there being an agent in the "strict legal sense of the term." If there was an agency, in the sense of the relation of principal and agent, then the nature of the business done, and the manner of doing it, gave to it locality. The same is true in *Ockerson v. Burnham*, 63 Iowa, 570 (19 N. W. Rep. 676). In the latter case the more doubtful

question was, whether the action grew out of the business or agency. In this case there is nothing to show that the business was to be done in Webster county, more than anywhere else. Defendant simply employed a man living, and who had an office, in Webster county. The office of residence of plaintiff, in no way concerned defendant's business. His stock of goods was in Polk county, and the employment in no way created an office or local agency in Webster county. If plaintiff left Webster county for a day or a month, the agency left that county. There is not a word to show that any business was to be done in one county more than another. The act does not refer to the agent's place of business, but the principal's. We think the application to change the place of trial should have been granted.—REVERSED.