# W. L. KING, Appellant, v. W. A. BLAIR AND J. H. LAYCOCK.

**Venue:** AGENCY: *Construction of statute.* A corporation operated a boat line in a given county, and had an agent therein who solicited freight and collected pay for it. An excursion, out of the ordinary course of the corporation's business, was run, and plaintiff was wrongfully landed in the progress of the excursion. *Held,* his action could not be brought under Code, 2585, in the county where the agent did said business of soliciting and collecting

*Appeal from Keokuk Superior Court.*—HON. H. BANK, JR., Judge.

## WEDNESDAY, DECEMBER 9, 1896.

ACTION to recover damages for wrongfully, wilfully, and maliciously landing the plaintiff and his family from a steamboat on an island in the Mississippi river. The defendants presented a motion to change the venue of the case to Scott county, the place of their residence. The motion was sustained. The plaintiff excepted to the ruling, and elected to stand on his exceptions, and the suit was dismissed, at plaintiff's cost, and he appeals.—*Affirmed.*

*J. F. Smith* for appellant.

*Anderson & Waggoner* for appellees.

ROTHROCK, C. J.—The defendants are residents of Scott county, in this state. It appears from the affidavits filed in support of the motion for a change of the place of trial to Scott county, and the affidavits in resistance to the motion, that, at the time the action was brought, the defendants were the owners of a steamboat which they ran on the Mississippi river, from the

city of Keokuk to the city of Quincy, in the state of Illinois. They made regular trips between the points named, and they had an agent at Keokuk, named Hutchinson, who at times solicited freight and collected freight bills for the boat and its owners. On Sunday, May 20, 1894, two trips were made which were not within the ordinary business of the boat. They were pleasure trips, from Keokuk to a point on the river where one Kelly, the commander of an army, had his troops in camp. Hutchinson had no agency whatever in regard to these trips. He was in no way connected with them, either as soliciting passengers or selling tickets for the voyage. The passengers went on the boat, and paid their fares to the clerk of the boat. The fare was twenty-five cents for the round trip.

The question to be determined is whether the action was properly brought in Lee county. Section 2585 of the Code is as follows: "When a corporation, company, or individual, has an office or agency in any county for the transaction of business, any suits growing out of or connected with the business of that office or agency may be brought in the county where such office or agency is located." The affidavits filed by the parties show very clearly that this suit did not grow out of the business of the Keokuk agency. It had no connection whatever with any office or agency at Keokuk. It appears to us that the superior court rightly determined that the suit was brought in the wrong county.—AFFIRMED