GORDON WOOD, Appellee, v. J. R. RICE & D. J. FOGARTY, Appellants.

**Action to Reform Contract:** PLACE OF SUIT: COUNTY OF AGENCY.
1    Where an agent has special authority to solicit orders for goods in a certain county, and such agent is present in said county with the goods for delivery, there is such an office or agency of the principal as will authorize commencement of suit in such county under Code, section 3500, and a change of venue will not be granted.

*Appeal from Story District Court.*—HON. S. M. WEAVER, Judge.

MONDAY, OCTOBER 20, 1902.

ACTION to reform a contract for the sale of fruit trees. Judgment for plaintiff.    Defendants appeal.—*Affirmed.*

*Maxwell & Maxwell* for appellants.

*McCarthy & Lee* for appellee.

McCLAIN, J.—The error relied on in this case for reversal is the refusal of the trial court to grant a change of venue from Story county to Pottawattamie county, which was shown to be the county of the residence of defendants. The action, however, was with reference to a contract made in Story county for defendant Rice by defendant Fogarty, his agent, who was at the time, by himself and subagents, soliciting orders for his principal, and the notice of the action was served in Story county on Fogarty while he was there for the purpose of delivering fruit trees in fulfillment of orders previously taken, and to be performed in said county.    It appears from the affidavits that those who had given orders for trees to be delivered in Story county were notified to be present at a certain time and place in the town of Ames, in that county, to receive their trees, and that Fogarty, upon whom the notice of suit was served, was there present for the purpose of making delivery.    The question is whether defendant Rice had an agency at Ames, so as to justify the bringing of an action against him in that county, under the provisions of Code, section 3500, which reads as follows: "When a corporation, company or individual, has an office or agency in any county for the transaction of business any action growing out of, or connected with the business of that office or agency may be brought in the county where such office or agency is located."    The case clearly falls within the ruling in *Milligan v. Davis*, 49 Iowa, 126; *Ockerson v. Burnham*, 63 Iowa, 570.    In the first of these cases it was held that where the principal had an agent in a county for the purpose of performing acts there with

reference to the sale of property, whether such agent were a special or a general agent, there was an agency sufficient to support the bringing of an action in that county with reference to such sale. In this case the contract was made by agents specially authorized to solicit orders in Story county, in which orders the delivery of the fruit trees in Story county was specially provided for; and, at the time suit was brought, the agent of the defendant Rice was in Story county, engaged, for his principal, in carrying out the contract. This, it seems to us, without question, is sufficient to constitute an agency, within the terms of the statute. Our conclusion is not in any way in conflict with that reached in *Wickens v. Goldstone*, 97 Iowa, 646, which need not be discussed here, further than to say that the contract of agency in that case did not contemplate any act to be done in the county of the residence of the alleged agent. In other words, as the court there suggests, the agency was in no way located with reference to the place of performance of the acts of the agent.—Affirmed.