G. B. GILBERT, Appellant, v. W. F. McCULLOUGH, Appellee.

**Brokers:** COMMISSION: VENUE: OFFICE OR AGENCY. Where the owner of property situated in a county other than that of his residence has an agent in such county, who is authorized to receive and forward to the owner propositions to purchase the property, one employed to assist in the business of the agency by finding a purchaser is performing a service connected with and growing out of the business of such agency, and may sue the owner for his compensation in that county.

*Appeal from Woodbury District Court.*—HON. DAVID MOULD, Judge.

TUESDAY, NOVEMBER 24, 1908.

THE opinion states the facts.—*Reversed.*

*Martin Neilan,* for appellant.

*J. W. Hubbard,* for appellee.

WEAVER, J.—The plaintiff is a real estate agent doing business in Sioux City, Woodbury County, Iowa. Defendant resides in Dubuque County and at the date

of the transaction in controversy owned a lot in Sioux City. Plaintiff instituted this action at law against the defendant in the district court of Woodbury County, alleging that the latter was indebted to him for commission on the sale of the lot above mentioned, and stated his cause of action substantially as follows: That defendant, being the owner of said property during the years 1905 and 1906, employed one Downey as his agent in Sioux City to rent and look after it and receive bids or offers therefor from prospective buyers; that, at some time during the existence of said agency, the defendant, being in Sioux City, orally employed or authorized the plaintiff to find a buyer of said lot at a stated price, and to report such purchaser to Downey, and, in the event that the negotiation so begun should result in a sale, defendant undertook to pay plaintiff a commission for his services; that, acting under the authority so given plaintiff did find a purchaser, and gave the information to Downey, who, with defendant, sought out the purchaser and made the sale, but defendant refused to pay the agreed commission. Notice of the action being served, the defendant appeared and moved that the place of trial be changed to the county of his residence, supporting the motion by the usual affidavit. This motion the trial court sustained, from which ruling the plaintiff appeals.

The single question presented is whether, upon the case as made by the petition and the motion for change of place of trial, the district court should have held it triable in Woodbury County under the provisions of Code, section 3500. The substance of the showing is that defendant had an agent in Sioux City charged with the duty of renting and caring for certain real estate which the former owned in that city. He was also authorized to receive and forward bids and offers from prospective purchasers of such property. The plaintiff, a real estate agent in the same city, was also employed or authorized

by the defendant to find a buyer for the property at a stated price and to report his purchaser when found to the agent first named. He alleges he did find a buyer to whom the sale was made, and brings suit for the agreed commission. Under the provisions of the statute as heretofore construed by this court, we are of the opinion that the case was triable in Woodbury County. By this statute, when a person "has an office or agency in any county for the transaction of business any action growing out of or connected with the business of that office or agency may be brought in the county where such office or agency is located." We have held that to come within this provision the office or agency need not be of a permanent character. *Locke v. Chronicle,* 107 Iowa, 390. We have held that one who accepts the benefits of a sale made by another person claiming to act as his agent, or who accepts the benefits of a proposition made through or forwarded by such alleged agent, thereby ratifies the transaction so that an action arising therefrom may be brought in the county of such agency. *Milligan v. Davis,* 49 Iowa, 126. An action for compensation alleged to be due the agent comes within the statute. *Ockerson v. Burnham,* 63 Iowa, 570. In *Mitchell v. Lang* (Iowa) 112 N. W. 87, the defendant had an agent in Dallas County engaged in promoting the sale of horses, and the plaintiff was employed to assist the agent in finding purchasers, and it was decided that the case was properly brought there, although the defendant was a resident of another county. Without considering whether as an original question we would be inclined to go to the extent of some of these precedents, we are not disposed to unsettle the rule which they have established. Applying it to the case at bar, we think the motion to change the place of trial should have been overruled. That the plaintiff did have an agency in Sioux City can not well be disputed. Although the agent was not authorized to bind the principal by a sale, he was authorized to re-

ceive and forward bids for the property. The plaintiff was employed or authorized to assist in the business of that agency by finding a purchaser and reporting the fact for the consideration of the defendant. The service so rendered grew out of and was connected with the business of the agency, and the action to recover compensation therefor was properly brought in Woodbury County.

The ruling of the district court must be, and it is, *reversed.*