HALL & MARTIN, Appellants, v. M. W. CHANDLER, Appellee.

PROCESS: Burden of Proof in re Service on Agent. A plaintiff who proceeds on the claim that defendant has created an agency in a county other than that in which defendant resides, and makes service on defendant by serving the agent, must, on special appearance by defendant to question the jurisdiction of the court, show that the defendant is a nonresident of the county in which the agency is located. (Sec. 3532, Code, 1897.)

*Appeal from Keokuk District Court.*—D. W. HAMILTON, Judge.

OCTOBER 2, 1920.

THIS appeal involves the single question of whether the trial court erred in holding, on objection made at special appearance, that notice served on an alleged agent was insufficient to confer jurisdiction.—*Affirmed.*

*Daniel W. Davis,* for appellants.

*Hamilton, Updegraff & Willcockson,* for appellee.

SALINGER, J.—I.   The claim of the appellant is that
defendant, Chandler, authorized one Utterback to find a
purchaser for certain lands owned by defendant, and that
plaintiff produced a purchaser ready, willing, and able to
buy, on the terms fixed in the authority given to Utterback.
The ultimate claim of the plaintiff is that defendant wrong-
fully failed to convey to the purchaser produced, and that
plaintiff is, therefore, entitled to a commission.   The only
notice in a suit making this claim was served on Utterback,
and the effectiveness of that notice is the question before
us.   Such notice as this is purely statutory, and the statute
provides that it may be made where an individual has, for
the transaction of any business, an office or agency in any
county "other than that in which the principal resides."
The record shows that Utterback resides in Keokuk County,
and was there served.   Confessedly, the record is silent
on where defendant, Chandler, resides, and the dispute be-
tween the parties really resolves itself into a question who
has the burden of proof, where special appearance is made,
to object to jurisdiction.   And the essential argument for
the appellant is that "a presumption of law arises from
the pleadings, and is sufficient to cast a burden on the
other party to show the fact is otherwise than the pre-
sumption indicates."   We are constrained to disagree.   We
hold that whosoever seeks to avail himself of the purely
statutory right to obtain jurisdiction by serving an alleged
agent, has the burden of showing the conditions under which
alone such service is authorized by the statute.   If Chandler
and Utterback resided in the same county, then, under the
statute, this service was invalid.   Appellant does attempt
to show that Chandler had created an agency in Keokuk
County.   This met the statute requirements in part.   The
other parts were just as essential.   And even as it was
necessary to show that an agency had been created in the
county, was it necessary to show that the principal and the
agent did not reside in the same county.   Because the
appellant and plaintiff produced no evidence that the
agency was created in a county "other than that in which

the principal resides," the trial court was right in hold-ing that it had no jurisdiction to proceed.

We are unable to find any case entitled *Plank v. Marks,* which the brief of the appellant places on page 53 of 152 N. W. We find nothing in *Barnabee v. Holmes,* 115 Iowa 581, *Moffitt v. Chicago Chronicle Co.,* 107 Iowa 407, *Murphy v. Albany Pecan Dev. Co.,* 169 Iowa 542, *Morey v. Standard Separator Co.,* 174 Iowa 530, *Bellows v. Litchfield,* 83 Iowa 36, or in Section 29 of Abbott's Trial Brief, sustaining the proposition that one who does not show that the alleged principal and agent reside in different counties may obtain jurisdiction against the alleged principal by serving such alleged agent.—*Affirmed.*

WEAVER, C. J., EVANS and PRESTON, JJ., concur.