SYNDICATE CLOTHING COMPANY, Petitioner, v. T. G. GARFIELD, Judge, et al., Respondents.

**VENUE:** Office or Agency—Acts Not Constituting. The act of a corporation whose business was that of a retail clothier, in contracting to pay an individual a commission for finding a purchaser for the corporation's real estate in a foreign county (which was the resi-

dence of said individual), which real estate was being used as a branch store, does not constitute the establishment by the corporation of an "office or agency" in such foreign county for the sale of such real estate, no control over the actions of such individual being retained by the corporation.

EVANS, C. J., dissents.

Headnote 1:  14a C. J. p. 794 (Anno.)

Headnote 1:  7 R. C. L. 696.

*Certiorari to Hardin District Court.*—T. G. GARFIELD, Judge.

JULY 1, 1927.

Certiorari to review the action of the respondent judge of the district court in overruling motion for change of venue. Writ sustained, and ruling of respondent—*Reversed.*

*Grimm, Wheeler, Elliott & Shuttleworth,* for petitioner.

*E. H. Lundy* and *C. A. Bryson,* for respondents.

DE GRAFF, J.—The Syndicate Clothing Company, the petitioner, is an Iowa corporation, with its principal place of business at Cedar Rapids, Iowa, and with a branch place of business at Iowa Falls. The record discloses that the object of the company is that of carrying on a general retail clothing and men's furnishing business, together with the right to buy and sell such real property as may be necessary or required in its business.

In connection with the branch store at Iowa Falls, the petitioner owned real estate on which the business at Iowa Falls was conducted. It desired to sell this real estate, and one of its officers, to wit, Harry Levin, the secretary of the Syndicate Clothing Company, petitioner, employed A. J. Strutz to find a purchaser for the real estate, and agreed to pay him a commission of $500. Strutz found a purchaser to whom the petitioner sold its real estate, and in this action seeks to recover his commission of $500, and to maintain the venue thereof in Hardin County.

Upon the filing of the petition by Strutz, the Syndicate Clothing Company filed its motion for change of venue to Linn

County, where it has its residence and principal place of business, alleging that none of the alleged negotiations on which Strutz based his suit grew out of or were connected with any office or agency of the Syndicate Clothing Company's at Iowa Falls, but, on the contrary, that they grew out of and were connected with its office and agency at Cedar Rapids, Linn County, Iowa.

The evidence shows that Harry Levin, secretary of the petitioner-corporation, performed the functions of said office at the home office, and that the negotiations with A. J. Strutz were had with the said secretary by reason of his official position with said corporation, and not by reason of his relationship to the branch office at Iowa Falls or the performance of any act or duty connected with the operation of the branch office of said corporation at Iowa Falls; and that one E. Minger was the acting and operating manager and superintendent of the Syndicate Clothing Company at the branch office at Iowa Falls; and that said Minger had nothing to do with and was not connected in any way with the Strutz transaction.

Two primary propositions are involved: First, did the Syndicate Clothing Company have an office or agency in Hardin County for the transaction of business? Second, was the subject-matter of this action connected with any office or agency of the clothing company's at Iowa Falls? These questions call for a construction of Section 11046, Code of 1924, which reads as follows:

"When a corporation, company, or individual has an office or agency in any county for the transaction of business, any actions growing out of or connected with the business of that office or agency may be brought in the county where such office or agency is located."

It is undisputed that the Syndicate Clothing Company had an office and an agency in Hardin County for the transaction of certain business, and that business was the carrying on of a general retail clothing store. It is obvious that the sale of real estate is not connected with, nor does it grow out of, the selling of retail clothing and men's furnishings. It was not engaged in the business of buying and selling real estate, and the only real estate the record shows it ever bought or sold in Hardin County is the real estate purchased, with the building thereon,

in which to house its stock of goods, the buying and selling of which constituted its business. The fact that it had received authority to buy and sell what real estate was necessary to house its merchandise cannot, under any reasonable construction, be said to make this a part of the business, or one of the objects for which the corporation was organized. It would have had the right to purchase such real estate as was necessary for the conduct of its business without any special provision in its articles of incorporation therefor. 3 Thompson on Corporations (2d Ed.), Section 2365; *Brown v. Bradford,* 103 Iowa 378.

Did the alleged agreement to pay Strutz a commission of $500, if he should find a purchaser for the real estate, constitute the establishment of an office or agency on behalf of the Syndicate Clothing Company for the transaction of business in Hardin County? This question must be answered in the negative. In the first place, Strutz does not claim to be in the business of real estate brokerage, but, on the contrary, is himself a retail merchant; and at most, the record discloses that the Syndicate Clothing Company requested Strutz, a retail merchant, to find a purchaser, agreeing to pay him $500 therefor. It exercised no control over Strutz, and did not limit his activities to any place or locality, nor did it attempt to direct him in any manner whatsoever.

It cannot be claimed that the Syndicate Clothing Company maintained an office for the transaction of the sale of this real estate; and if there was neither office nor agency, then the venue should have been changed, on motion, to the county of the petitioner's residence.

We have been cited to numerous cases as authority for the prosecution of the suit in Hardin County, but an examination of them will disclose that they are not applicable to the case at bar. The majority of the cases cited involve facts which disclose that a third person dealt with an alleged agent or through an alleged office of the principal's, and such third person brings an action to recover some claim growing out of or connected with the business of the office or agency.

It may serve a useful purpose to review some of our decisions. In *Goodman v. Delfs,* 193 Iowa 1183, a nonresident landowner had employed the plaintiff for many years in the

management of his farm, not only for the purpose of obtaining the usufruct, or its money equivalent, but also for the purpose of selling it, if the opportunity offered. The plaintiff had entire charge of the farm, limited to some extent by correspondence with the owner and personal contact at the office of the plaintiff. The defendants, therefore, maintained an agency in the county of the plaintiff's residence, which agency had to do with the management, operation, and sale of the defendants' real estate. The plaintiff was subject to the defendants' control, and answerable to the defendants. Under such circumstances, we held that the venue was in the county of the plaintiff's residence. In the case at bar, the petitioner exercised no control, and gave no directions to the activities of Strutz, and the petitioner was not engaged in the business of selling real estate in Hardin County, Iowa.

*Babb v. Herring Motor Co.*, 193 Iowa 794, is not in point. In that case the record is clear that the defendant had at least a partial control of the plaintiff, and he was known in the record as the sublimited agent of one defendant and the limited agent of another. The agency had existed for several years, and was an agency created for the purpose of carrying out the only business in which the defendants were engaged,—to wit, the selling of automobiles.

In *Locke, v. Chicago Chronicle Co.*, 107 Iowa 390, the record discloses that the defendant was engaged in the business of publishing and circulating a newspaper, and had an agent in Polk County and elsewhere, who advertised it and distributed it freely upon the streets and in business places of several towns, copies being transmitted to him by the Chicago office from time to time. He solicited persons to order the paper through local dealers, and performed many other services of like nature. He remained five days in Des Moines, and received a large number of copies of the paper and circulated them throughout the city, not only through individuals, but to newsboys. Some copies he gave away, and others he sold. It is clear that, for the time at least, the defendant maintained an agent and an agency in Polk County for the purpose of transacting the business in which it was engaged.

In *Kabrick v. Case Thresh. Mach. Co.*, 180 Iowa 598, suit was brought by a third person, who dealt with an agent of the

defendant's. The action was brought in the county where the machinery was sold. The record discloses that the agent had authority to solicit orders for new machinery and to sell old machinery, and that he did conduct the negotiations for the purchase of new machinery by the plaintiff from the defendant, and conducted the negotiations for the sale of the old machinery. The record further disclosed that the Case Threshing Machine Company, the defendant, was engaged in the business of buying and selling the kind of machinery which was bought and sold; and under such a state of facts, the defendant was held to have had an office and agency in the county in which the transaction took place.

In *Ockerson v. Burnham & Co.*, 63 Iowa 570, an agent sought to recover damages from his principal for the violation of a written contract. The defendants were engaged in the business of selling flaxseed for seeding purposes. The contract provided that the plaintiff would loan the seed to farmers and take from them notes and contracts for the price thereof, and deliver the crops raised therefrom to the defendants or their agent at Red Oak. It was admitted that the plaintiff was and did become the agent of the defendants at Red Oak, and that the agent was conducting the business of the defendant,—to wit, the disposition of the flaxseed. In that case we held that, if the defendant breached its contract with the agent, who was to receive a commission of 8 cents per bushel, the plaintiff might recover in the county where the agency was maintained. When the record discloses that the plaintiff was the agent of the defendants and that the business of the agency was transacted in a certain county, the venue of the action may be in the county where the business of the agency is transacted.

In *Goodrich v. Fogarty*, 130 Iowa 223, a nurseryman first employed agents to solicit orders for shrubbery in divers counties of the state, and later shipped the shrubbery to such agent or canvasser in the several counties for distribution. We held that an action to reform a contract entered into between a third person and the defendant, through the agent, was properly brought in the county where the defendant sent his agent to solicit orders and later delivered to the agent trees, vines, and shrubbery, to be delivered by him in fulfillment of the orders taken. There was no question in that case but that the solicitor

or canvasser was the agent of the defendant, and no question but that the receiving of the trees, vines, and shrubbery in a certain county and the distribution to the divers purchasers constitute the having or maintaining of an office or agency in the county where the nursery stock was sold.

The case of *Milligan v. Davis*, 49 Iowa 126, is not in point. It is a case where a third person purchased a threshing machine through an agent of the defendant's, and it was contended in the record that the agents were, in a qualified sense at least, the agents of the defendant, and resided in and had an office in Crawford County. The defendant was engaged in the business of selling Dexter threshing machines, and his agents sold one in Crawford County. We held that, in so far as third persons dealing with the principal through an agent were concerned, the acceptance by the principal of the benefits of the act of his agent created the relation of principal and agent, so as to permit suit to be brought in the county where the transaction was consummated.

In *Gilbert v. McCullough*, 140 Iowa 362, it appears that an owner of property situated in Woodbury County, which was not the residence of the owner, had an agent who was authorized to receive and forward to the owner propositions to purchase the property. A third party (plaintiff) was employed to assist the agent in the business. The third person brought an action against the defendant, to recover for services rendered. The agent had authority to rent real estate and look after it and receive bids or offers therefor from prospective buyers. The third person found a buyer, and reported it to the agent of the owner, as stipulated, and a sale was made. We held that, in so far as the third person was concerned, there existed such an office or agency as that the defendant was bound to pay a commission to the third person making the sale.

The case of *Joeckel v. Johnson*, 178 Iowa 231, is not in point. That case was based upon Section 3496 of the Code of 1897, which provided:

"When, by its terms, a written contract is to be performed in any particular place, action for a breach thereof may, except as otherwise provided, be brought in the county wherein such place is situated."

The contract provided that it should be performed in Winterset, Iowa, which is in Madison County.

The case of *Mitchell v. Lang & Co.* (Iowa), 112 N. W. 87 (not officially reported), is not in point. In that case the record affirmatively disclosed that the defendant had an agency in Dallas County which was engaged in its business interests,— to wit, that of selling stallions for breeding purposes,—and there the plaintiff was employed to assist in the business. We held that, inasmuch as the plaintiff was transacting and furthering its business in that county, and the plaintiff transacted business with the agency, the action was properly brought in Dallas County.

In *Pleak v. Marks & Shields,* 171 Iowa 551, we held that the defendant partnership, which bought horses in the Avoca district of Pottawattamie County, where they used the livery stable of one Gray as a place and agency for the transaction of such business, and where they caused to be delivered all the horses purchased in that vicinity, was engaged in the transaction of business in the Avoca district, so as to give the Avoca district court jurisdiction over such partnership, even though its principal place of business and the residence of its members were in the Council Bluffs district.

It may be observed from the foregoing decisions that the applicable rule as to third persons, dealing through an agency, even though it be of a transitory nature, and only for a short duration, has been construed quite liberally on behalf of such third persons. It likewise appears from our holdings that the defendant has only been held to answer in the county of the office or agency where the claim grew out of the transaction of his business, rather than to isolated transactions. The statute expressly provides that the office or agency must be one for the "transaction of business." (Section 11046.) This phrase has been the subject of much legal comment, and the general rule is that isolated instances do not constitute "doing business" or "transacting business," within the meaning of those terms. 14a Corpus Juris 1273, Section 3979.

In *Wickens v. Goldstone,* 97 Iowa 646, a plaintiff residing in Webster County, where he had a real estate office, met the defendant, who resided in Polk County, and stated to the defendant that he was authorized by the owner of a certain piece

of land in Pocahontas County to find a purchaser therefor, or to find someone who would trade for said farm. The defendant said to him that he had a stock of dry goods which he would exchange for the farm if the terms and conditions could be agreed upon. Thereafter the defendant did trade the stock of goods for the farm. The plaintiff brought suit against the defendant in Webster County, alleging that the defendant agreed to pay the plaintiff a certain sum for his services in procuring the owner of the farm to exchange the farm for the stock of goods, which was the only transaction between the plaintiff and the defendant. In holding that the action was improperly brought in Webster County, we said:

"The query is, Did the .defendant have an office or agency in Webster County, for the transaction of his business, within the meaning of the section? That he had no office there, is not questioned. Had he an agency? Agency may be defined as the relation between a principal and his agent; also, the place of business of an agent. * * * In this case there is nothing to show that the business was to be done in Webster County, more than anywhere else. Defendant simply employed a man living, and who had an office, in Webster County. The office of residence of plaintiff in no way concerned defendant's business. * * * There is not a word to show that any business was to be done in one county more than another. The act does not refer to the agent's place of business, but to the principal's."

As bearing on the principle involved in the case at bar, see, also, *Hall & Martin v. Chandler*, 189 Iowa 851; *King v. Blair*, 100 Iowa 37; *Duhigg v. Waterloo Gas. Eng. Co.*, 189 Iowa 547; *Barnabee v. Holmes*, 115 Iowa 581; *McGuire v. Great Northern R. Co.*, 155 Fed. 230; *Carpenter v. Westinghouse Air-Brake Co.*, 32 Fed. 434.

The facts of the instant case are not in dispute. An officer of the defendant company, a resident of Linn County, said to the plaintiff, a resident of Hardin County:

"If you find a purchaser for the real estate which we own in Iowa Falls, we will pay you a commission."

We hold that, under the common acceptation of the term, the defendant was not "doing business" or "transacting business" through an office or agency in Hardin County, out of, or connected with which, this cause of action arose, and that,

therefore, it was commenced in the wrong county, and the motion for a change of venue should have been sustained.—*Reversed.*

FAVILLE, VERMILION, ALBERT, and KINDIG, JJ., concur.

EVANS, C. J., dissents.