PEOPLE v. WHITING.

(Supreme Court, Trial Term, Orleans County. June 16, 1910.)

NAMES (§ 21*)—OFFENSES—DOING BUSINESS UNDER ASSUMED NAME.
    Under Penal Law (Consol. Laws, c. 40) § 440, prohibiting the transaction of business under an assumed name without filing the required certificate, a single sale of trees does not constitute a violation of the statute.

    [Ed. Note.—For other cases, see Names, Dec. Dig. § 21.*]

Herbert M. Whiting was indicted under Penal Law, § 440, for transacting business under an assumed name without having first filed in the county clerk's office the certificate required by law. Case directed to be resubmitted to grand jury.

W. C. Ramsdale, Dist. Atty., for the People.
Hoskins & McGrew, for defendant.

POUND, J. The indictment alleges a single sale of fruit trees to one Alvin R. Allen. Does this constitute a charge of "conducting, carrying on or transacting business," within the county of Orleans? We fail to find any reported cases construing these words as used in the Penal Law, but the words "to do business" have been frequently construed in connection with the statutes relative to foreign corporations. It has been held that "doing business" in this state implies continuity of conduct in that respect, such as might be evidenced by the investment of capital here, with the maintenance of an office for the transaction of business—a continuous business, not one of a temporary character. Penn Collieries Co. v. McKeever, 183 N. Y. 98, 75 N. E. 935, 2 L. R. A. (N. S.) 127. It has been held that two separate sales of goods within the state is not necessarily "doing business" within the meaning of the statute. Ozark Cooperage Co. v. Quaker City Cooperage Co., 112 App. Div. 62, 98 N. Y. Supp. 113.

I fail to see how the words "to transact business" can be given a narrower significance than the words "to do business." As the indictment is limited to a single sale, and so we must assume that the business was limited to this transaction, it does not allege facts constituting the transaction of business within the county of Orleans within the meaning of the statute as the words are construed by the higher courts. The demurrer is allowed.

As the offense charged in this indictment is a single sale, I am of the opinion that judgment hereon would not be a bar to an indictment for transacting business within the meaning above indicated.

I direct the case to be resubmitted to the grand jury on that theory, if the facts so warrant.