# THE

# NEW YORK SUPPLEMENT

*6*

## VOLUME 126

---

### HOVEY v. DE LONG HOOK & EYE CO.

(Supreme Court, Appellate Term. December 8, 1910.)

1. CORPORATIONS (§ 642*)—FOREIGN CORPORATIONS—STOCKBOOKS FOR INSPECTION—OFFICE FOR "TRANSACTION OF BUSINESS."

   The words "transaction of business," in Stock Corporation Law (Consol. Laws, c. 59) § 33, providing that a foreign stock corporation, "having an office for transaction of business in this state," shall keep therein a stockbook, which shall be open for inspection by certain persons, and declaring a penalty for refusal of such an inspection, do not necessarily mean that the corporation's main business must be carried on in the state, or something in the nature of that business, or that capital must be employed in the state; but all that is necessary to bring the corporation within the statute is that something related to its business, or part of it, be carried on in the office in the state.

   [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2520-2527; Dec. Dig. § 642.*

   For other definitions, see Words and Phrases, vol. 8, pp. 7060-7062; vol. 8, pp. 7818, 7819.]

2. CORPORATIONS (§ 652*)—FOREIGN CORPORATIONS—STOCKBOOKS FOR INSPECTION—OFFICE FOR TRANSACTION OF BUSINESS—EVIDENCE.

   Evidence in an action for the penalty declared by Stock Corporation Law (Consol. Laws, c. 59) § 33, against a foreign corporation "having an office for transaction of business in this state," for refusal to allow an inspection of its stockbook, required to be kept in such office, *held* sufficient to establish that it has such an office.

   [Ed. Note.—For other cases, see Corporations, Dec. Dig. § 652.*]

3. CORPORATIONS (§ 673*)—FOREIGN CORPORATIONS—STOCKBOOKS FOR INSPECTION—OFFICE FOR TRANSACTION OF BUSINESS—EVIDENCE.

   A lease, tending to prove a hiring by defendant of premises in the state "for an executive office" prior to the demand for inspection of its stockbook, is relevant in an action for the penalty declared by Stock Corporation Law (Consol. Laws, c. 59) § 33, for refusal of a foreign corporation, "having an office for transaction of business in this state," to allow inspection of its stockbook, required to be kept in such office.

   [Ed. Note.—For other cases, see Corporations, Dec. Dig. § 673.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

126 N.Y.S.—1

Action by Le Roy F. Hovey against the De Long Hook & Eye Company. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued before GUY, PLATZEK, and GAVEGAN, JJ.

Kafer & Wilds (Lester S. Kafer, of counsel), for appellant.

Rushmore, Bisbee & Stern (Charles E. Rushmore, of counsel), for respondent.

GUY, J. Plaintiff appeals herein from a judgment rendered by the court, without a jury, at the close of the plaintiff's case, dismissing the action both upon the pleadings and upon the evidence. The action was brought by plaintiff under section 33 of the stock corporation law of this state (Consol. Laws, c. 59), to recover the penalties prescribed therein for the refusal of the defendant to permit an inspection of its stockbook by one of its stockholders. Section 33 of the statute provides:

"Every foreign stock corporation having an office for the transaction of business in this state, except moneyed and railroad corporations, shall keep therein a book to be known as a stockbook, containing the names, alphabetically arranged, of all persons who are stockholders of the corporation. * * * Such stockbook shall be open daily, during business hours, for the inspection of its stockholders and judgment creditors, and any officer of the state authorized by law to investigate the affairs of any such corporation. If any such foreign stock corporation has in this state a transfer agent * * * such stockbook may be deposited in the office of such agent and shall be open to inspection at all times during the usual hours of transacting business. * * * For any refusal to allow such book to be inspected such corporation and the officer or agent so refusing shall each forfeit the sum of two hundred and fifty dollars to be recovered by the person to whom such refusal was made."

The plaintiff was a stockholder in the defendant company. The defendant is a foreign corporation, other than a moneyed or a railroad corporation, and it has an office in this state. The office was in charge of one Buvinger, whom the defendant designated as manager, and also of one Richardson, vice president of defendant company. The evidence shows demand made by plaintiff on defendant's manager and vice president. The defendant did not have a transfer agent in this state.

The defendant contended upon the trial that it had no office for the transaction of business in this state. The evidence showed that defendant rented an office at 200 Fifth avenue, on the outside door of which office appeared the sign:

"De Long Hook & Eye Company, Philadelphia. Thomas D. Richardson, Jr., Vice President. Ralph R. Buvinger, Manager."

The room contained desks, chairs, a telephone, a typewriter, and samples of hooks and eyes. There were present in the office at the time the demand was made a young lady operator, the manager, and the vice president. The company's letter paper, upon which letters relating to the affairs of the company were written by its president contained in its heading the following:

"New York Office, Fifth Avenue Building, Fifth Ave., Broadway & 23rd Sts."

The telephone in the office is listed in the telephone book under the name of the De Long Hook & Eye, Company. Plaintiff testi-fied that Buvinger, the manager, and Richardson, the vice president, of the defendant, stated to him that Room 1052 at 200 Fifth avenue "was the sales office of the defendant.".

The words "transaction of business" do not necessarily mean that the main business of the corporation must be carried on in this state, or something in the nature of that business, or that capital must be employed in this state. All that the statute requires is that some-thing related to the business of the corporation, or part of it, be car-ried on in the office here. The evidence presented here, I think, is sufficient to establish that the defendant was a foreign stock corpo-ration having an office for the transaction of business in this state. See People ex rel. Miles v. Mont. & Boston C. Co., 40 Misc. Rep. 282–285. The dismissal of the complaint was error. The court al-so excluded a lease, offered by plaintiff, which had been entered in-to by defendant prior to the time of the demand by plaintiff for an inspection of defendant's books, which lease, if admitted, would have tended to prove the hiring of premises by defendant in this state "for an executive office." This proof was clearly relevant, and its exclusion was prejudicial error.

The judgment should therefore be reversed, and a new trial or-dered, with costs to appellant to abide the event. All concur.