# EGAN *v.* McDONALD.

ERROR TO THE SUPREME COURT OF THE STATE OF SOUTH DAKOTA.

No. 88. Submitted January 28, 1918.—Decided March 4, 1918.

Under § 7 of the Act of May 27, 1902, c. 888, 32 Stat. 275, an Indian allotment held under trust patent and subject to the restrictions on alienation imposed by the Act of March 2, 1889, § 11, c. 405, 25 Stat. 888, may, upon the death of the allottee, be conveyed by his heirs with the approval of the Secretary of the Interior, and the approved deed passes the full title.

Where such a conveyance was made in 1908, and the Secretary approved it in 1909, *held,* that there was no law then in force making an adjudication of heirship, either by a federal court or by the Secretary, a condition precedent to the validity of the conveyance. *McKay* v. *Kalyton,* 204 U. S. 458, distinguished.

Upon error to a state court in a case where a vendee sued to recover back earnest money paid his vendor, upon the ground that the title tendered by the latter was not merchantable, and where the vendor proved a conveyance of the land by certain heirs of the Indian

allottee thereof, which recited that they were the only heirs and was approved by the Secretary of the Interior, *held*, that whether the burden was upon the plaintiff, to establish that there were other heirs, and whether the suggestion that there may have been such rendered the title unmerchantable, were questions of state law not reviewable by this court.

Whether the mere approval of such conveyance by the Secretary would operate to convey a good title if it had appeared that the deed was executed by a part of the heirs only—not decided.

36 S. Dak. 92, affirmed.

THE case is stated in the opinion.

*Mr. George W. Egan pro se.*

*Mr. Charles O. Bailey* and *Mr. John H. Voorhees*, for defendant in error.

MR. JUSTICE BRANDEIS delivered the opinion of the court.

Egan agreed to buy of McDonald a parcel of land in South Dakota and paid $1,000 to bind the bargain. McDonald agreed to furnish a merchantable title. After examining the abstract, Egan asserted that the title was not merchantable, demanded back his money, and, upon refusal, brought an action in a state court to recover it. Upon substantially undisputed facts judgment was entered for defendant and was affirmed on appeal by the Supreme Court of South Dakota (36 S. Dak. 92). The case comes here on writ of error under § 237 of the Judicial Code.

McDonald's title was this: (1) A twenty-five year trust patent dated December 12, 1895, for an Indian allotment issued to Weasel, under § 11 of Act of Congress, March 2, 1889, c. 405, 25 Stat. 888, 891; (2) Deed to R. J. Huston, dated October 9, 1908, from Plays and two others therein described as "sole and only heirs of Weasel, deceased, a Crow Creek Sioux Indian," approved by the Secretary of the Interior, March 2, 1909, and thereafter duly re-

corded in the Department of the Interior and the Registry of Deeds; (3) A final decree of distribution of the estate of Weasel in the county court making distribution of the land to Plays and two others as only heirs; (4) Deed from Huston to McDonald, dated November 3, 1910; (5) A decree of the state circuit court entered in 1912 in a suit brought by McDonald to quiet title and declaring him to be the owner in fee of the land.

Egan contends that this title was not merchantable, both because there was no power in the heirs of Weasel to alienate the property and because there had been no adjudication in any federal court that the three persons purporting to convey to Huston were the only heirs of Weasel.

*First:* As to the power of Weasel's heirs to convey: The trust patent was issued under § 11 of the Act of Congress of March 2, 1889. Under the provisions of that statute and the terms of the trust patent, the heirs, as well as Weasel, were without power to convey title before the expiration of the twenty-five years. But, by § 7 of the Act of Congress, May 27, 1902, 32 Stat. 275, adult heirs were given power to convey with the approval of the Secretary of the Interior; and it is declared that "such conveyances . . . when so approved shall convey a full title to the purchaser, the same as if a final patent without restriction upon the alienation had been issued to the allottee." Congress had, of course, power to remove the restrictions originally imposed upon alienation by heirs. *Williams* v. *Johnson,* 239 U. S. 414, 420.

*Second:* As to the lack of federal adjudication: Neither in 1908 when the deed to Huston was executed, nor in 1909 when it was approved by the Secretary of the Interior, was there any provision of law that heirs of an Indian allottee under a trust patent could make a valid conveyance only if some federal court should first have established that they were the heirs. Nor was there then a

provision, like that prescribed by Act of June 25, 1910, c. 431, 36 Stat. 855, that the Secretary of the Interior shall determine in such case who the legal heirs are. *Hallowell* v. *Commons,* 239 U. S. 506. Plaintiff relies upon *McKay* v. *Kalyton,* 204 U. S. 458, 468; but the case does not decide that adjudication of heirship in a federal court is a condition precedent to a valid conveyance by heirs. It decides merely that the Act of August 15, 1894, c. 290, 28 Stat. 286, which gave to Indians, who claimed to be entitled to an allotment, the right to litigate their claim in a federal court, did not confer the right to litigate in state courts.

*Third:* The case at bar is not a suit to establish who are the heirs of a deceased Indian allottee, nor a suit to establish the right to an allotment, nor a suit to quiet title. It is an action at law upon an implied promise to return the earnest money, if the vendor fails to furnish Egan a merchantable title. It was admitted that the persons who joined in the deed to Huston were heirs of Weasel and that they were adults. The state court held that, McDonald having shown a deed to Huston approved by the Secretary of the Interior and executed by three persons who declared themselves to be the only heirs, the burden was upon the plaintiff to establish the fact, if it was such, that there were other heirs; and that the mere suggestion in argument that there may have been some additional heirs does not cast such a suspicion upon the title as to render it unmerchantable. This is a matter of state law with which we have no concern. Nor have we occasion to consider whether, as held in *Daugherty* v. *McFarland,* 166 N. W. Rep. 143, the mere approval by the Secretary of the Interior would have operated to convey to the grantee a good title, even if it had appeared that the deed was executed by a part of the heirs only.

The decision of the Supreme Court of South Dakota is

*Affirmed.*