No. 29,088.

NORMAN H. SOOY, as Trustee, etc., *Appellant*, v. J. GEORGE BRINK-MAN and LILLIAN BRINKMAN, *Appellees.*

(284 Pac. 375.)

Opinion filed February 8, 1930.

*William J. Morse,* of Oskaloosa, for the appellant; *D. A. Banta,* of Great Bend, of counsel.

*William Osmond, Elrick C. Cole, T. B. Kelley* and *R. C. Russell,* all of Great Bend, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The questions presented by this appeal are whether an appearance by one defendant was general or special, and whether a demurrer to the petition filed by another defendant was properly sustained.

The petition alleged that the Triumph Manufacturing Company was a corporation organized under the laws of the state of Missouri, and its domicile was Kansas City, Mo. Defendant J. George Brinkman and plaintiff Norman H. Sooy were members of the board of

directors. The charter of the corporation was forfeited, and the directors became trustees to wind up its affairs. Brinkman took charge of the personal property of the corporation and disposed of it fraudulently and without consideration to defendant Lillian Brinkman. Lillian Brinkman has ever since retained the property, or if she has sold it she has retained the proceeds, for the benefit of herself and J. George Brinkman. The prayer was that the district court of Barton county, Kansas, remove Brinkman as trustee of the property and assets of the Missouri corporation, and declare plaintiff to be sole trustee; that the Brinkmans be required to account for the corporate property; and that they be required to deliver to plaintiff any property not disposed of, and to pay to plaintiff the value of property which had been disposed of. There was no allegation in the petition that any of the corporate property was or ever had been in the state of Kansas.

An affidavit for publication service on J. George Brinkman stated that he was a resident of Kansas City, Mo., and service could not be made on him in Kansas. The affidavit continued as follows:

"That this action relates to, and the subject of which is, personal property in the state of Kansas, in which personal property said defendant J. George Brinkman claims a lien or interest, actual or contingent, and the relief demanded in said action consists partly in excluding said defendant J. George Brinkman from any interest therein, and said defendant J. George Brinkman is a nonresident of the state of Kansas."

The publication notice contained the following:

"The nature of which judgment and decree will be that you be removed as a trustee of the corporation hereinabove named, that plaintiff be declared and decreed to be sole trustee for and on behalf of said corporation, and that your codefendant, Lillian Brinkman, be ordered and required to make and render a full and accurate accounting of the property, assets and rights of the said corporation, as mentioned and described in said petition, which have come into your possession as in said petition alleged, and that you and your codefendant aforesaid be decreed and required to return and redeliver the said property, assets and rights to the custody and possession of the plaintiff; and for the recovery by said plaintiff from you and your said codefendant of the value of said property, assets and rights if it shall appear that you have disposed of the same; and awarding to plaintiff such other relief as the nature of the case will permit and the plaintiff may be entitled to in the premises."

Brinkman appeared specially, and moved to set aside the constructive service, on two grounds: first, that the affidavit did not authorize or support the notice, and second, that the court had no

jurisdiction of the moving defendant. To support the motion, Brinkman filed the following affidavit:

"That affiant has never been served with any process in this case, other than the notice by publication filed in this case. Affiant further says that the properties described in plaintiff's petition are not now, and never have been, within the boundaries of the state of Kansas. That said properties were transferred for a good and sufficient consideration to Lillian Brinkman, and remained within the state of Missouri, and were by her transferred, sold, and delivered to a purchaser for a valuable consideration, all within the state of Missouri; that the Triumph Manufacturing Company was a corporation within the state of Missouri, and that none of its property, either before or since the transfers aforesaid, has been within the boundaries of the state of Kansas."

The affidavit for service by publication did not authorize notice of judgment regulating management of the affairs of the defunct Missouri corporation, of judgment for an accounting by anybody, or of judgment for the value of personal property, and to that extent the first ground of the motion to quash the service was good.

The affidavit for publication service said the subject of the action was personal property, and the nature of the relief sought was exclusion of Brinkman from lien upon or interest in the property. The notice did not follow the affidavit in this respect. The notice said the nature of the judgment to be taken would be that Brinkman should return personal property to custody of plaintiff—virtually a judgment in replevin—and in strictness, the publication notice was wholly bad. Assume, however, that possession was a kind of interest indicated by the affidavit and notice. Jurisdiction of Brinkman to exclude him from that interest could not be acquired unless the property were in Kansas. The affidavit in support of the motion to quash service disclosed the property of the corporation was not and never had been in Kansas. The affidavit was not controverted, and the court was authorized to quash the service. The plain fact is, the action was a personal action, and plaintiff was trying to get jurisdiction of a nonresident by publication service.

Plaintiff says Brinkman entered a general appearance, because of the statement in his affidavit that the property was transferred to Lillian Brinkman for a good and sufficient consideration. The contention is, the statement was contrary to the allegation in the petition that the transfer to Lillian Brinkman was without consideration, and consequently the statement raised an issue respecting the merits. The affidavit raised no issue. It was testimony

given to sustain an issue raised by the second ground of the motion to quash service. That issue was one of jurisdiction—want of jurisdiction because there was no property in Kansas. That issue was entirely outside the petition, because the petition did not allege there was any property in Kansas. Such an issue may be raised by motion to quash service without touching the merits, just as the issue that defendant is in fact a resident of the state and subject to personal service may be raised by timely motion to quash publication service.

Plaintiff cites the case of *Frazier v. Douglass,* 57 Kan. 809, 48 Pac. 36, in which it was held an affidavit in support of a motion to quash service constituted a general appearance. The action in that case was one of ejectment, and the affidavit contained a complete answer to the petition. The affidavit affirmatively alleged that defendant was owner in fee of the land, had valid title to it, was in actual and peaceful possession, and plaintiff had no title to the land or right to possession. Manifestly the case has no application here, and the motion to set aside the service on J. George Brinkman was properly sustained.

Lillian Brinkman's demurrer to the petition was properly sustained. She is accountable, if at all, to the directors of the Missouri corporation who became trustees of its property on forfeiture of its charter. The district court of Barton county, Kansas, had no jurisdiction to remove Brinkman as trustee and to make Sooy sole trustee; and Lillian Brinkman is not accountable to Sooy until he comes here clothed with title and authority established by judgment of some tribunal competent to deal with management of the affairs of the Missouri corporation.

The judgment of the district court is affirmed.