[File No. 5956.]

F. R. GRIFFIN, Respondent, v. IMPLEMENT DEALERS MUTUAL FIRE INSURANCE COMPANY, Appellant.

(241 N. W. 75.)

Opinion filed January 22, 1932.   Rehearing denied February 25, 1932.

*George A. Bangs,* for appellant.

*Jacobsen & Murray,* for respondent.

Burr, J. The defendant, a domestic corporation with office and place of business in Grand Forks county, issued to the plaintiff a policy of insurance against fire on a stock of goods in Redelm, South Dakota. The goods were burned and the plaintiff brought action in Hettinger county to recover on the policy, alleging that the defendant "at all times herein named, transacted and is still transacting business in the county of Hettinger." The defendant moved for a change of

venue to the county of its residence. The court denied the motion and the defendant appeals.

Even if the action be not brought in the proper county, "the action may, notwithstanding, be tried therein, unless the defendant before the time for answering expires demands in writing that the trial be had in the proper county—." (Comp. Laws, § 7418.) Hence it was proper for the plaintiff to bring his action in Hettinger county and the same is triable therein, subject to the right of the defendant to a change of venue.

The issue involves the construction of § 7415 of the Supplement and § 7417 of the Compiled Laws. Section 7416 requires certain actions to be brought "where the cause arose" but this section is not involved here. With this section eliminated § 7417 requires an action to "be tried in the county in which the defendant or some of the defendants reside at the time of the commencement of the action," except in the cases specified in § 7415 of the Supplement and § 7416 of the Compiled Laws.

Section 7415 specifies what cases shall "be tried in the county in which the subject of the action or some part thereof is situated" and in subdivision 5 says:

"All actions brought on a policy of insurance to recover for loss or damages to the property insured shall be tried in the county or judicial subdivision where such property is situated at the time of its loss or damage."

As the property was situated in South Dakota at the time of the loss this subdivision does not apply. Thus the "proper county" in which the plaintiff should bring his action is Grand Forks county, unless the amendment to § 7415, set forth in chapter 3 of the Laws of 1919, applies.

This amendment added subdivision 6 to § 7415, and the amended section is known as § 7415 of the Supplement. This subdivision says:

"All actions against any domestic corporation shall be tried in any county or judicial subdivision designated in the complaint and in which the defendant corporation transacts business."

Plaintiff says: domestic corporations can not insist upon a change of venue to the county of its residence if the plaintiff designates as a

place of trial·some county in which the defendant "transacts business."

Defendant says this subdivision six is not germane to the law sought to be amended; that the amendment violates § 61 of the constitution of this State; that to permit suits against domestic corporations in any county of the State in which it transacts business discriminates against domestic corporations in favor of foreign corporations and thus such discrimination infringes the 14th amendment to the constitution of the United States; and that the record shows clearly the defendant does not transact business in Hettinger county, and in particular that this action does not arise out of any business transacted in Hettinger county.

It is not necessary for us to pass upon the constitutionality of this subdivision. Unless the domestic corporation "transacts business" in Hettinger county a change of venue to Grand Forks county must be granted.

Defendant's application for change shows that it is a mutual association organized under the provisions of §§ 4870 et seq. Compiled Laws of 1913; that the corporation has no office or place of business either local or general except in Grand Forks and "never has had an office or place of business of any kind in the county of Hettinger and that it has not now and never has had an agent, representative, servant or employee located or stationed, either with or without an office, in the county of Hettinger for the purpose of transacting or carrying on any business for or on behalf of said defendant or otherwise," except that it accepts·applications for insurance from residents of Hettinger county, has members residing therein, has in force a number of insurance policies covering property situated in Hettinger county which are renewed from year to year, and whatever losses occur in Hettinger county are adjusted there by some representative of the company.

Plaintiff furnished affidavits to the effect that the general manager had been in Hettinger county and personally solicited insurance and received therein premiums on policies; that "a soliciting agent" solicited written applications in Hettinger county, which applications were made and delivered in Hettinger county, and thereafter the applications received through the mail the policies of insurance issued upon the applications.

The general manager denies that he had ever been in Hettinger county at any time, says he never solicited any policies from any one therein, and that if any one did solicit insurance he did so because of his interest in the company.

The application for change of venue shows clearly that the defendant is a domestic corporation having membership scattered throughout the State. Applications for insurance, however secured, are mailed to the home office, are examined there and if found satisfactory are accepted, thereupon policies of insurance are prepared in Grand Forks county and mailed to the successful applicants upon payment of the premiums which generally are sent by mail to the home office. Being a mutual company all members have more or less interest in extending business and a large portion of the business is received through the voluntary action of the members. When a loss occurs some one representing the company visits the scene of the fire, the loss is adjusted and if the adjustment is satisfactory to the company in Grand Forks the loss is paid therefrom—most of the business being transacted by mail. There are no resident agents in any county of the State except that at "Beach, Devils Lake, Hope, Pembine, LaMoure and Fargo there is a part time representative of the defendant with authority and duties local thereto to advertise the company and to promote and encourage good will toward it."

"Transaction of business" and "doing business" are to be considered as synonymous terms. State use of Hart-Parr Co. v. Robb-Lawrence Co. 15 N. D. 55, 106 N. W. 406. But "transaction of business" does not mean a single isolated action. See Potter v. Bank of Ithaca, 5 Hill, 490; Suydam v. Morris Canal & Bkg. Co. 6 Hill, 217; Goode v. Colorado Invest. Loan Co. 16 N. M. 461, 117 Pac. 856; People ex rel. Allen v. Whiting, 68 Misc. 306, 123 N. Y. Supp. 769; Alpena Portland Cement Co. v. Jenkins & R. Co. 244 Ill. 354, 91 N. E. 480; Hunter W. Finch & Co. v. Zenith Furnace Co. 245 Ill. 586, 92 N. E. 521; Padrick v. Kiser Co. 33 Ga. App. 15, 124 S. E. 901; Parker v. Wear, — Mo. —, 230 S. W. 75; General Conference v. Berkey, 156 Cal. 466, 105 Pac. 411; Vermont Farm Mach. Co. v. Ash, 23 N. M. 647, 170 Pac. 741; Hildreth Granite Co. v. Hudson, 87 N. J. Eq. 316, 100 Atl. 158; Syndicate Clothing Co. v. Garfield, 204 Iowa, 159,

166, 214 N. W. 598. The term implies continuity of business dealings, and such arrangements whereby this continuous carrying on of business may be fostered. It contemplates a series of acts occupying time and attention and labor in accordance with the purpose of the corporation "and does not mean a single isolated transaction." State use of Hart-Parr Co. v. Robb-Lawrence Co. 15 N. D. 55, 106 N. W. 406, supra; Padrick v. Kiser Co. 33 Ga. App. 15, 124 S. E. 901, supra; Fuller v. Allen, 46 Okla. 417, 148 Pac. 1008; Denison v. Phipps, 87 Okla. 299, 211 Pac. 83; Meir v. Crossley, 305 Mo. 206, 35 A.L.R. 611, 264 S. W. 882.

It is true that in order to constitute the transaction of business it is not necessary that the main business of the corporation be transacted in Hettinger county nor that all of the acts necessary to complete the transaction take place in Hettinger county. Hovey v. De Long Hook & Eye Co. 126 N. Y. Supp. 1. But the general nature of the business in which the corporation is engaged must be considered in determining the effect of the acts done.

The record shows defendant has no property in Hettinger county, has no branch office there, has no representative stationed there, has no delegated solicitor of business there. It is true resident members being desirous of advancing the interests of the company, have solicited business and there is in the record something to indicate that an officer of the company was there at one time and solicited business. The applications for membership are made upon printed forms furnished by the company, are usually transmitted by mail. No one can secure membership in the company until this application is considered by the Board of Directors at the home office, and if accepted and the policies issued they are issued from Grand Forks, and usually transmitted by mail. Assessments are made in Grand Forks county, the dues and premiums are payable there—in fact everything which the company does with reference to the nature of its business except the inspection of the injured premises upon a claim of loss is done in Grand Forks county, other than specially delegated work performed by those stationed at Beach and the other places mentioned.

In Minnesota Commercial Men's Asso. v. Benn, 261 U. S. 140, 67 L. ed. 573, 43 S. Ct. 293, the Supreme Court of the United States said

such state of facts did not constitute transaction of business by a Minnesota corporation within the State of Montana. The Minnesota corporation had issued a policy to a resident of Montana. The Montana Code provides for service upon foreign corporations. doing business within the State by service of the summons upon an agent designated by the corporation, or upon the Secretary of State if no agent is designated. Service of summons was made upon the corporation in Montana by service on the Secretary of State and judgment entered by default. The judgment was transmitted to Minnesota and action commenced thereupon. The corporation alleged that the Montana judgment was void, that it never transacted business in Montana and never consented to be served therein. The question turned upon whether or not the acts done constituted transacting business. The court held that merely because "one or more members without authority to obligate it, solicited new members" for the corporation is not enough to justify the holding that the company was transacting business therein, even though the company reserved the right to investigate claims made upon the policy.

True this was an insurance case to recover for accidental death and therefore it was possible that losses under the policy could be adjusted without any representative of the company going to the place of the former residence of the deceased; but the same rule is applied by the same court in the matter of other corporations. See Green v. Chicago, B. & Q. R. Co. 205 U. S. 531, 51 L. ed. 917, 27 S. Ct. 595; People's Tobacco Co. v. American Tobacco Co. 246 U. S. 79, 62 L. ed. 587, 38 S. Ct. 223, Ann. Cas. 1918C, 537; Rosenberg Bros. & Co. v. Curtis Brown Co. 260 U. S. 516, 67 L. ed. 372, 43 S. Ct. 170.

The intent of the company with reference to the acts charged and the character of the authority given to those who purport to appear for the company seem to be controlling factors. In Commercial Mut. Acci. Co. v. Davis, 213 U. S. 245, 53 L. ed. 782, 29 S. Ct. 445, it is held that life insurance companies who send a representative into a district "clothed with full authority to adjust a claim" is one who under the statutes of Missouri "adjusts or settles a loss." The statute authorized service upon such person within the State and thus the corporation had an agent within the State. But this case, though cited,

is not applicable for it is dealing with the legal qualifications of the agent rather than the nature of the acts done. In Connecticut Mut. L. Ins. Co. v. Spratley, 172 U. S. 603, 43 L. ed. 569, 19 S. Ct. 308, the same distinction is made.

In People's Tobacco Co. v. American Tobacco Co. 246 U. S. 79, 62 L. ed. 587, 38 S. Ct. 223, Ann. Cas. 1918C, 537, supra, it is held that the business transacted must be of such a character as warrants the inference the corporation subjects itself to jurisdiction. True, the district court has jurisdiction throughout the State; but the corporation is not subjecting itself to the jurisdiction of the district court of Hettinger county so as to preclude a change of venue unless the nature of the business done is such as to justify the inference there is a place of business there. In People's Tobacco Co. v. American Tobacco Co. supra, the court held that advertising wares in Louisiana, sending solicitors into the State having no authority beyond solicitation do not constitute doing business by a New Jersey corporation so as to justify the bringing of an action within the State of Louisiana. In Pembleton v. Illinois Commercial Men's Asso. 289 Ill. 99, 124 N. E. 355, it was held that "the mere solicitation of business by agents of a foreign corporation is not such a 'doing business' within the state as to subject the company to the jurisdiction of the courts of the State in which the business is solicited—." See also Baldwin v. Iowa State Traveling Men's Asso. (C. C. A. 8th) 40 F. (2d) 357.

It is true that losses under life insurance policies may be adjusted without any one appearing for the foreign corporation within the State, but it is difficult for losses to be adjusted under fire insurance policies without some representative of the company appearing for adjustment and therefore the adjustment is part of the business transacted under the policy. The legislature made provision however for just such cases in subdivision 5 of § 7415. Therefore we can not consider that the legislature also intended such cases to be covered by the amendment known as subdivision 6. The case at bar does not differ in principle from a suit against the corporation for wages earned or wares sold.

The legislature must have had in mind, principally, the cases of domestic corporations which have established places of business in various counties, and can be said to be present in the county transact-

ing business. A domestic corporation that has no such place of business and no resident agent, sends no authorized agent into the county for the purpose of securing business, and has no representative within the county on any matter connected with the business involved in the suit and at no time had any authorized agents within the county on any matter connected with the suit cannot be said to be transacting business within the county.

We are constrained to hold that the record does not show the defendant was transacting business in Hettinger county and is therefore entitled to a change of venue to the place of his residence. This opinion is rendered after re-hearing involving the main issues in the case. The order of the lower court is reversed.

CHRISTIANSON, Ch. J., and NUESSLE, BIRDZELL and BURKE, JJ., concur.