**FLEMING v. HITCHCOCK.**

Civil Action No. 299.

District Court, S. D. Florida, Tampa Division.

April 7, 1941.

Bruce Aitchison, of Washington, D. C., for plaintiff.

Charles F. Blake, of Tampa, Fla., for defendant.

**BARKER, District Judge.**

Plaintiff seeks to enjoin defendant from violating the provisions of Section 15(a) (1), 15(a) (2) and 15(a) (5) of the Fair Labor Standards Act of 1938 (Act of June 25, 1938, c. 676, 52 Stat. 1060, U.S.C. Title 29, Sec. 201 et seq.).

The complaint alleges generally that the defendant is engaged in the manufacture, sale and distribution of car strips, bulkhead materials and car door boards, among other things, and that the defendant is engaged in the wholesale sale and distribution of various building materials. The complaint alleges that the car strips, bulkhead materials and car door boards were manufactured "for interstate commerce" and were "shipped, delivered and sold, with knowledge that shipment, delivery and sale thereof in interstate commerce * * * was intended." The complaint alleges that the wholesale activities of the defendant are "an essential part of the stream of interstate commerce". The complaint further alleged that the defendant had failed to pay employees the minimum wage required by the Act, the overtime wages required by the Act, and had failed to keep records prescribed by the Administrator of the Wage and Hour Division of the United States Department of Labor under the Act.

The answer, with some exceptions, denied the allegations of the complaint.

At the conclusion of the taking of the testimony by the plaintiff, the defendant moved to dismiss the action upon the ground that the plaintiff had failed to show that the defendant's activities were subject to the provisions of the Act and upon the ground that the defendant's activities as shown by the plaintiff were so insignificant and indirect as to constitute no burden upon interstate commerce. Counsel for the defendant made argument and then rested. Counsel for the plaintiff thereupon moved for judgment.

The court makes the following findings of fact:

1. The defendant manufactures car strips, bulkhead materials and car door boards.

2. Car strips are used in the transportation of citrus fruits, tomatoes, peppers, celery, strawberries and other produce, when transported in railroad cars and when transported by truck.

3. Tariff requirements of the Interstate Commerce Commission's "Quinn's I.C.C. 12", a tariff filed by the railroads serving Florida, require that car strips and bulkhead materials be used in loading for interstate shipments of citrus fruits, and place penalties upon shipments when such car strips and bulkhead materials are not used.

4. Bulkhead materials are used in the transportation of citrus fruits, tomatoes, peppers, celery, strawberries and other produce, when transported in railroad cars and when transported by truck.

5. Car door boards are used in shipping by rail in boxcars phosphate produced in Florida.

6. The majority of citrus fruits, tomatoes, peppers, celery, strawberries and other produce produced in Florida is shipped to, into, and through states other than the State of Florida in interstate commerce.

7. The defendant knew of such interstate shipments and of the use to which the car strips and bulkhead materials probably would be put when he manufactured them.

8. Car strips and bulkhead material produced by the defendant have been used in making interstate shipments as described in Paragraphs 2, 3, 4, 6 and 7 herein, and have been used for purely intrastate purposes, such as staking tomatoes, local construction, etc.

9. Car door boards manufactured by the defendant have been used in interstate shipments of phosphate, and such intended use was known or reasonable should have been expected by the defendant at the time of manufacture.

10. The manufacture of car strips, car door boards and bulkhead materials constitutes 15.7% of the total business of the defendant.

11. The evidence fails to show that the defendant has engaged in interstate commerce in the conduct of his "wholesale" activities in the distribution of building materials.

12. The evidence fails to show that the defendant has engaged in "wholesale" distribution of building materials.

13. The defendant has failed to pay some of his employees the minimum wages required by the Act.

14. The defendant has failed to pay overtime wages to some of his employees for overtime for which they were entitled to such wages, as required by the Act.

15. The defendant has failed to keep records as required by the Administrator of the Wage and Hour Division, United States Department of Labor, under the Act.

16. The defendant knew, when selling, shipping or delivering, car strips and bulkhead materials, that shipment, delivery or sale thereof in interstate commerce was intended.

The court forms the following conclusions of law:

17. The defendant's activities in the manufacture, sale and distribution of car strips, bulkhead materials and car door boards are subject to the provisions of the Act.

18. The defendant has violated the provisions of the Act in failing to pay minimum wages, overtime compensation, and keep adequate records, and in selling, shipping and delivering, with knowledge that sale, shipment or delivery thereof in interstate commerce was intended, car strips, bulkhead materials and car door boards.

19. The defendant's activities in the manufacture, sale and distribution of car strips, bulkhead materials and car door boards are subject to regulation as they are substantial and bear a real and immediate relation to interstate commerce.

20. There has been no adequate showing upon the facts to conclude that the activities of the defendant in purchasing, handling, storing, warehousing, selling and distributing building materials are an essential part of the stream of interstate commerce.