BROOKSHIRE et al. v. WHITTEMORE et al.

Civ. A. No. 94.

District Court, W. D. Kentucky.

July 7, 1941.

Prince & Cox, of Benton, Ky., and Fisher Neal and Aaron Brown, both of Paris, Tenn., for plaintiffs.

Webb & Webb, of Mayfield, Ky., for defendants.

MILLER, District Judge.

The allegations of the petition, considered apart from the affidavits filed in support of the motion to dismiss, state a cause of action. The affidavits filed by the defendants are devoted in part to controverting the allegations of the petition, and in that respect can not be considered in connection with a preliminary motion to dismiss, which, for the purposes of the motion, concedes the facts as stated by the petition. Kentucky-Tennessee Light & Power Co. v. Nashville Coal Co., D.C.W.D. Ky., 37 F.Supp. 728. With respect to matters not stated in the petition, and to which it is the purpose of the affidavits to direct the attention of the Court, the counter affidavits filed by the plaintiffs raise many issues of fact. If the facts are as stated by plaintiffs' counter affidavits, a cause of action exists against the defendants. It is not necessary that all of the goods produced actually enter interstate commerce, or that their entry into inter-state commerce be immediate and direct from the producer. United States v. F. W. Darby Lumber Co., 312 U.S. 100, 61 S.Ct. 451, 85 L.Ed. 609, 132 A.L.R. 1430; Swift & Co. v. United States, 196 U.S. 375, 25 S. Ct. 276, 49 L.Ed. 518; Stafford v. Wallace, 258 U.S. 495, 42 S.Ct. 397, 66 L.Ed. 735, 23 A.L.R. 229; Fleming, Adm'r v. Enterprise Box Co., D.C.S.D.Florida, 37 F.Supp. 331, decided Feb. 26, 1941; Fleming, Adm'r v. Hitchcock, D.C.S.D.Florida, 38 F.Supp. 358, decided April 7, 1941. The fact that only a small part of the business is interstate commerce does not prevent the Act from being applicable. N.L.R.B. v. Fainblatt, 306 U.S. 601, 606, 607, 307 U.S. 609, 59 S.Ct. 668, 83 L.Ed. 1014; N.L.R.B. v. Bradford Dyeing Ass'n, 310 U.S. 318, 60 S. Ct. 918, 84 L.Ed. 1226; Consumers Power Co. v. N.L.R.B., 6 Cir., 113 F.2d 38. Whether or not the activities engaged in by the defendants are to be considered as one unit or as segregated businesses, and the actual percentage of business constituting retail trade in each branch of the business and in the business as a whole, and the exact nature of the sales in question are very important matters in the final decision of this case. These facts are not fully or properly presented by the conflicting affidavits. A motion to dismiss can not be used as a substitute for a trial on the merits. If a genuine issue of fact exists, as appears from the opposing affidavits, the case is not one for decision either on a motion to dismiss or a motion for summary judgment, but should be passed to a trial on its merits. Kentucky-Tennessee Light & Power Co. v. Nashville Coal Co., supra; Fleming v. Wood-Fruitticher Grocery Co., Inc., D.C., 37 F.Supp. 947.

Defendants' motion to dismiss is overruled.