## PUETT ELECTRICAL STARTING GATE CORPORATION v. THISTLE DOWN CO. et al.

### No. 21243.

District Court, N. D. Ohio, E. D.

Sept. 17, 1942.

I. The Bill of Complaint fails to state a cause of action against Edward P. Strong.

II. The defendant, the Thistle Down Company (named as Thistle Down Company in the Bill of Complaint), is not properly joined as a party to this suit.

III. (a) The defendant, River Downs, Inc. (named as River Downs Company, Inc. in the Bill of Complaint), has not received service of process.

(b) Defendant, River Downs, Inc., is not properly joined as a party to this suit.

(c) The acts of defendant, River Downs, Inc., complained of are not within the venue of this Court.

The motions are overruled as to Edward P. Strong and the Thistle Down Company; and the motion is sustained as to River Downs Inc., for the reason assigned in III (a).

The allegations of the complaint are quite broad, and as a whole, and in paragraph 5 particularly, they are directed against all the defendants. The allegation is that the defendants jointly and severally infringed upon the Letters Patent. As to the defendants Strong and the Thistle Down Company, the allegations relied on mainly to support the motions are matters for answer. Such issues cannot be properly raised by motion and affidavit. Kentucky-Tennessee Light & Power Co. v. Nashville Coal Co. et al., D. C., 37 F.Supp. 728, 737; Brookshire v. Whittemore, D.C., 2 F.R.D. 549.

As to River Downs, Inc., however, the allegation is that it was not served with summons, and the evidence contained in the affidavits filed by the defendants and in the photostat copy of letter filed by the plaintiff supports ground III(a) of the motion. True, the return of the marshal states that he served River Downs, Inc., by handing a copy of the summons to Edward P. Strong personally, "who is an officer of both the River Downs Company, Inc. and the River Downs Racing Association", but this return cannot prevail against the positive evidence that Strong is not an officer of River Downs, Inc., and was not authorized to accept service.

As to the plaintiff's contention that all the defendants entered a general appearance by filing a stipulation, this court holds in accordance with Dahlgren v. Pierce, 6 Cir., 263 F. 841, 846, that the

John M. Mason, of Washington, D. C., and William E. Chilton, of Cleveland, Ohio, for plaintiff.

Albert L. Ely, of Cleveland, Ohio, for defendant.

WILKIN, District Judge.

This case came on for hearing on the motions to dismiss as to Edward P. Strong, the Thistle Down Company, and River Downs, Inc., and was submitted on affidavits and briefs. There are three grounds for the motions:

stipulation in this case was not an appearance and does not waive the right to attack the jurisdiction or the service. See, also, Grable v. Killits, 6 Cir., 282 F. 185, 195; Salmon Falls Mfg. Co. v. Midland Tire & Rubber Co., 6 Cir., 285 F. 214. The stipulation in this case recites that the defendants "shall have until and including May 25, 1942 to file motions to dismiss the bill of complaint." The language employed is evidence that the defendants did not intend to enter appearance. If the leave had been for filing answer, then of course the defendants would be held to have entered appearance. While it has been generally held that applying for leave to answer or demur is a submission to the jurisdiction, it has generally been recognized that applying for leave to object to the jurisdiction or even to amend a pleading which attacks the jurisdiction is not an appearance and does not waive the right to question the court's jurisdiction.

The return will be quashed as to River Downs, Inc., and the action will be stopped as to that defendant unless and until valid service is made; otherwise the motions are overruled.