## FRYE v. BATAVIA (N. Y.) VETERANS ADMINISTRATION EMPLOYEES FEDERAL CREDIT UNION NO. 189, Inc., et al.

### Civ. A. No. 19213.

District Court of the United States for the District of Columbia.

May 28, 1943.

Charles P. Henry and Richard A. Harman, both of Washington, D. C., for plaintiff.

John R. Walker, of Washington, D. C., for defendants.

EICHER, Chief Justice.

Title 13, Sec. 103 of the 1940 D.C.Code provides that "when a foreign corporation shall transact business in the District without having any place of business or resident agent therein, service upon any officer or agent or employee of such corporation in the District shall be effectual as to suits growing out of * * * any tort committed in the said District."

Our Court of Appeals has never ruled on the question of whether a single, isolated transaction constitutes "transacting business" in the District. However, in Frene v. Louisville Cement Co., 77 U.S. App.D.C. 129, 134 F.2d 511, 146 A.L.R. 926 the Court speaking through Mr. Justice Rutledge said:

" * * * some casual or even single acts done within the borders of the sovereignty may confer power to acquire jurisdiction of the person, provided there is also reasonable provision for giving notice of the suit in accordance with minimal due process requirements. * * * In general the trend has been toward a wider assertion of power over nonresidents and foreign corporations than was considered permissible when the tradition about 'mere solicitation' grew up. Although a wide breach has been made by the nonresident motorists' statutes, the principle probably still holds generally that merely casual or occasional acts, not constituting a regular or continuous course of business, are not sufficient to sustain personal jurisdiction over nonresidents or foreign corporations."

■ While there are decisions in some few jurisdictions that an isolated or single transaction can be held to be "transacting business", the weight of authority is:

" 'Doing business' * * * is equivalent to the words 'transacting business,' and in most jurisdictions it is held that such statutes [prohibiting a foreign corporation from doing business until it has filed a certificate, etc.,] have reference to a continuation in some form of business, and do not apply where a foreign corporation does a single act of business within the state."

General Conference of Free Baptists v. Berkey, 156 Cal. 466, 105 P. 411; State, to use of Hart-Parr Co. v. Robb-Lawrence Co., 15 N.D. 55, 106 N.W. 406; Goode v. Colorado Inv. Loan Co., 16 N.M. 461, 117 P. 856; People ex rel. Allen v. Whiting, 68 Misc. 306, 123 N.Y.S. 769; Finch v. Zenith Furnace Co., 245 Ill. 586, 92 N.E. 521; Alpena Portland Cement Co. v. Jenkins & Reynolds, 244 Ill. 354, 91 N.E. 480.

We come now to a consideration of the arguments advanced by counsel for plaintiff, that certain acts of counsel for the foreign corporation amount to a general appearance and thus give the Court jurisdiction over the nonresident corporation.

Plaintiff's Point No. 1: (Motion to Quash coupled with Motion to Dismiss)

■ In Mitchell Mining Co. v. Emig, 35 App.D.C. 527, it was held that a special appearance and a motion to vacate service of process do not constitute a general appearance because the motion also seeks the vacation of certain orders of the court, as well as a motion to dismiss, the Court saying:

"Assuming that this was going farther and asking more than the appellant was entitled to, still the single ground upon which the vacation of the orders was prayed was the invalidity of the process."

Likewise it was held in Puett Electrical Starting Gate Corp. v. Thistle Down, D.C., 2 F.R.D. 550, 551, that the filing of a stipulation granting defendant time within which to file a motion to dismiss the bill of complaint was not an "appearance" which waived defendant's right to attack the jurisdiction or service of process or summons.

Plaintiff's Point No. 2: (Defendant's Points and Authorities argues the merits of the case)

■ First of all Rule 9(b) of our Local Civil Rules clearly states that Points and Authorities are not part of the Record, but apparently are intended for convenience of the Court as well as counsel for the opposing party. However, the affidavits filed by counsel for the nonresident corporation also go to the merits of the case. In 6 C.J.S., Appearances, 33 it is stated that the filing of affidavits constitutes a general appearance, but an affidavit

in support of a special appearance, alleging facts necessary to establish the court's lack of jurisdiction does not constitute a general appearance.

But all the arguments advanced by counsel for plaintiff are without foundation in the light of Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., which provides that:

"No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion."

Special appearances are no longer necessary in any case. A party who proceeds in accordance with Rule 12 can raise any and all defenses without waiver. 1 Moore's Federal Practice 649. If the defendant so desires he may present every defense or objection that he has in his answer without waiving any rights. Thus objections that the court has not secured jurisdiction over the defendant, or that the venue is improper, defenses which quite commonly have to be made by special appearance, may be pleaded in the answer together with such other defenses as a failure on the part of the plaintiff to state a cause of action, * * *. The defendant waives nothing by so doing. But obviously a defendant would quite often prefer to raise certain objections which he believes will be sustained before resorting to the trouble of pleading an answer. This he may do. 1 Moore's Federal Practice 627.

The Motion to Quash Service is granted.