PER CURIAM.
The appellant Dorothy Dadura Camp was made the defendant in a suit for divorce brought against her in the circuit court in Dade County. As a nonresident *814 of Florida she was served by publication. Through counsel she filed a motion to dismiss, in which she challenged jurisdiction on two grounds — one relating to insufficiency of process and the other claiming lack of jurisdiction over the person.[1] After hearing argument, the court made the following order, dated January 13, 1960, denying the motion:
“This cause was heard on the defendant’s motion to dismiss solely on the grounds of insufficiency of process and lack of jurisdiction over the said defendant, and the court having examined the files and having heard the argument of counsel, and being otherwise advised in the premises, it is hereby:
“Ordered, Adjudged and Decreed:
“That the said defendant’s motion to dismiss be, and the same is hereby denied, and the defendant shall have ten days in which to file her answer to the complaint if she so desires.”
Two days later, on January 15, 1960, the plaintiff’s attorney filed a motion reciting that at the hearing on the motion to dismiss on jurisdictional grounds certain argument bad been made which ‘related to the merits, and requesting a supplemental order determining that the wife was in court on the basis of personal appearance. An order to such effect was made on January 21, 1960, which order also granted 10 days’ time within which the defendant might answer.[2] Although not shown in the record, it was disclosed in argument that the defendant filed no answer, and that decree pro confesso later was entered against the defendant wife. She has filed an interlocutory appeal from the two orders referred to above, dated January 13 and January 21, 1960.
The appellant’s contention of error as to the first order is based on her argument that because the parties had been divorced previously there was no marital status upon which to base service on her as a nonresident by publication. It was in furtherance of that proposition that the appellant, as defendant in the trial court, argued the existence and effect of the prior divorce suit in support of the grounds of her motion to dismiss which challenged jurisdiction. The complaint made no refer *815 ence to the prior suit for divorce, and no mention of it was made in the motion to dismiss, which contained only the two grounds relating to jurisdiction. Therefore, the chancellor was eminently correct in denying the motion to dismiss by the first order dated January 13, 1960.
It was argued by the appellee, and shown by the chancellor’s order of January 21 as being his view of the matter, that when the defendant’s counsel, at the hearing on motion to dismiss, contended that the substituted service was invalid because of the prior divorce and submitted the file of the prior divorce for the court’s inspection, that amounted to a general appearance and submission of the defendant to personal jurisdiction. Appellant points out that the contention as to the existence and effect of the earlier divorce was not made a ground of the motion to dismiss, and was not presented separately in defense but was urged as a reason showing that jurisdiction was not obtainable by constructive service, on the theory that if the parties were not married then such service was not authorized. While the chancellor properly rejected that argument, and denied the motion to dismiss which challenged the jurisdiction based on the substituted service, we hold that the chancellor was in error in ruling, in the second order dated January 21, 1960, that such argument resulted in a general appearance. See Frye v. Batavia (N. Y.) Veteran’s Admin. Emp. Fed. Cr. Un., D.C.D.C.1943, 8 F.R.D. 334; Hernandez v. National Dairy Products Co., 126 Cal.App.2d 490, 272 P.2d 799; Dolan v. Keppel, 189 Iowa 1120, 179 N.W. 515; Shearer v. Farmers’ Life Ins. Co., 106 Kan. 574, 189 P. 648; Sooy v. Brinkman, 129 Kan. 723, 284 P. 375; Kelley v. Koetting, 164 Kan. 542, 190 P.2d 361.
With no grounds in the defendant’s motion other than those relating to jurisdiction, the fact that counsel for defendant in presenting the motion argued something which bears on the merits, as a reason supporting a ground going to the jurisdiction, did not destroy the nature of the motion as being one which only challenged jurisdiction. Therefore, the jurisdiction over the defendant is limited to that which was acquired by the substituted service.
Accordingly, the order dated January 13, 1960, denying the motion to dismiss is affirmed, and the subsequent order dated January 21, 1960, is reversed.
Affirmed in part and reversed in part.
HORTON, C. J., and PEARSON and CARROLL, CHAS., JJ., concur.

. The motion to dismiss was as follows: “The defendant, by and through her undersigned attorney, moves the court to dismiss this cause and for grounds therefor respectfully shows:
“1. That the plaintiff has failed to comply with the provisions of Chapter 48 of the Florida Statutes [F.S.A.], relating to constructive service of process and accordingly the process and the service of same upon the defendant is insufficient.
“2. That this court does not have jurisdiction over the defendant.”

. The order of January 21, 1960, was as follows:
“This cause being heard on plaintiff’s motion to correct the order of this court dated January 12, 1960, denying the defendant’s motion to dismiss, and the court finding that at the hearing on said motion held on January 12, 1960, the defendant did, in contesting the sufficiency of process and the jurisdiction of this court over the defendant, assert that a decree of divorce between the same parties was previously entered in this court and exhibited the Court File No. 58C 4668 to substantiate her assertion; that the presenting of such issue constituted a general personal appearance of the defendant, and this court so announced ; and the court having heard arguments of counsel for both parties in the hearing on this motion to correct, and being otherwise advised in the premises, it is hereby:
“Ordered, Adjudged and Decreed:
“1. That the order denying the motion to dismiss entered January 12 [sic], 1960, be, and the same is hereby corrected to show that the ground for the denial of the said motion was that the defendant made a voluntary general personal appearance in this cause, and that this court has jurisdiction of the defendant in the same way as if she was personally served with summons.
“2. That defendant shall have ten days from this date in which to file her answer to the complaint.”