MILLEDGE, Associate Judge.
The plaintiff’s wife filed suit for divorce in Dade County, serving the defendant, a New Jersey resident, by publication. He appeared specially and moved to dismiss the complaint for want of jurisdiction over either of the parties. In support of his motion he argued in writing the legal effect of a court order, a copy of which he made part of his motion. This was an order dated June 26, 1959, of a New Jersey court restraining the wife from executing her threat to take the children out of New Jersey or to commence a suit for divorce in the courts of any state except New Jersey. This order was entered after service on the wife in New Jersey in a suit to determine the legal- domestic problems of the parties. She filed suit for divorce in Florida in January, 1960.
The chancellor denied the motion, correctly, as an inadequate challenge to the jurisdiction. He also treated the motion as a general appearance; gave the defendant 10 days to answer on default of which a decree pro confesso was entered, a final hearing held ex parte, and a final decree entered, which included an award of attorney’s fees and a sum for child support; provisions requiring jurisdiction over the person of the defendant. As to such provisions we hold the final decree in error.
It is true that the defendant voluntarily submitted himself to the jurisdiction of the court if he took a step or asked for such relief as was consistent only with the hypothesis that the court has jurisdiction of the cause and of his person. See 14 Am.Jur., Courts, § 192. The form of the motion is clear; it challenges jurisdiction over the parties only. It prays for relief on this ground only. In support of his motion defendant alleged the facts of a prior suit pending between the same parties on the same subject as the Florida suit and injunction there against the wife from taking the children from New Jersey and from litigating the same issues elsewhere.
These matters could, of course, have been pleaded as a defense on the merits, we need not decide what action the chancellor should have taken had the defense based on comity been interposed. The defendant did not do that. He urged these facts only as bearing on the question of jurisdiction. This depends, inter alia, on the good faith Florida residence of the plaintiff. It is to this question that it is relevant to allege that the Florida plaintiff ignored the prior suit and ignored the New Jersey Court’s order to keep the children there and to litigate there. The assertions of a fact relevant both to the issue of jurisdiction and to the merits does not waive lack of jurisdiction over the person because *641 the same fact is also relevant to the merits where not urged as a defense on the merits. See Camp v. Camp, Fla.App.1960, 120 So.2d 813, where want of a valid marriage was urged as a jurisdictional fact.
If the defendant submitted himself to the jurisdiction of the court by pleading the New Jersey proceedings, then he answered. The chancellor, however, gave him 10 days to answer; entered a decree pro confesso and proceeded ex parte. To so proceed in face of an answer would raise á serious question of want of due process. We hold, however, that the defendant did not submit a defense on the merits, that the court was not in error in concluding that it had jurisdiction so far as the residence was concerned but that it had no jurisdiction to enter a money decree against the defendant. The decree is reversed as to requiring payment of the awards by the defendant; in other respects it is affirmed.
Reversed in part and affirmed in part.
CARROLL, CHAS., J., concurs.
PEARSON, J., dissents.